State v. Springer.

---

## STATE v. SPRINGER.

1. INDICTMENTS : *Not amendable.*
   An indictment when filed in court is a record and can not be withdrawn for amendment or any other purpose. If insufficient, a *nol prosequi* should be entered and a new indictment found.

ERROR to *Chicot* Circuit Court.
Hon. J. M. BRADLEY, Circuit Judge.

*Moore, Atty. Gen'l*, for State.
No *re-signing* by the foreman of the Grand Jury was necessary. It was returned into court in the presence of the Grand Jury, and filed, docketed and numbered. The original file mark was not erased, but it was *refiled* and signed by the clerk. This was sufficient.

SMITH, J. The defendant in error, a Justice of the Peace, was indicted for non-feasance in office. The Grand Jury,

State v. Springer.

which preferred the accusation, were, as it appears, regularly selected, sworn and empaneled. The indictment was returned and filed in open court on the 4th of July, 1883, signed by the Prosecuting Attorney and endorsed " A true bill " over the signature of the foreman. It charged the defendant with a failure to file, on or before the commencement of the July Term, 1883, with the County Clerk, an abstract of all misdemeanors tried before him since the last term of the Circuit Court, giving the style of the case, the nature of the offence, how he obtained jurisdiction thereof, whether the offender was acquitted or convicted, and if convicted, the amount of the fine or punishment imposed. On the 5th of July, the case was, upon motion of the Prosecuting Attorney, referred back to the Grand Jury, who, on the same day returned the same indictment into court, with the following interlineations in the part descriptive of the offence: " The names of the parties " (accused) " and the name of the officer collecting same " (fine). The record shows that this interlined indictment was presented to the court in the presence of the full panel and was filed, docketed and numbered. It was also marked " Refiled July 5, 1883," and signed by the clerk.

At the next term the defendant moved to set aside the indictment because the endorsement " A true bill " was not re-signed by the foreman after interlineations were made. This motion was sustained and the indictment dismissed. The State excepted and sued out a writ of error.

Indictments not amendable. When the original indictment was returned into the court by the Grand Jury and filed, it became a part of the records of that court and thereafter could not be withdrawn for amendment or for any other purpose either by the Grand Jury or the Prosecuting Attorney. If the indictment was supposed to be insufficient either for uncertainty, or for want of proper legal words, the proper practice was to enter a

*nolle prosequi* and have the Grand Jury find a second indictment on the original evidence. But there is no such thing known to our law as the amendment of an indictment, although an error as to the defendant's name will not vitiate the proceedings (*Gantt's Dig. Sec.* 1785); and there are some formal defects which will be cured by verdict. *Dennis v. State,* 5 *Ark.,* 230. In fact there are Constitutional objections to such amendments.

Affirmed.