THE STATE OF NEW JERSEY v. ALBERT C. TWINING AND DAVID C. CORNELL.

Argued June 14, 1904—Decided November 7, 1904.

1. An indictment which charged a conversion of property of a corporation to the use of the defendants and the corporation, failed to charge any crime, and the trial court could not legally amend it so as to charge a conversion to the use of the defendants alone.

2. Section 44 of the Criminal Procedure act (*Pamph. L.* 1898, *p.* 881), is not to be construed to permit an amendment of an indictment which fails to charge any crime. Such an amendment would be in violation of the defendants' constitutional right not to be held to answer to a criminal offence unless on the indictment of a grand jury.

On error to the Monmouth Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and SWAYZE.

For the plaintiff in error, *Marshall Van Winkle* (*James B. Vredenburgh* and *Eusebius W. Arrowsmith*, on his brief).

For the state, *Henry M. Nevius*, prosecutor of the pleas.

The opinion of the court was delivered by

SWAYZE, J. The indictment in this case charged that the defendant Twining, as president, and the defendant Cornell, as treasurer, of the Monmouth Trust and Safe Deposit Company, executor of William Mills, being in possession and having under their care, custody and control certain money, goods, chattels, property, rights in action and other valuable securities and effects belonging to the estate of William Mills, deceased, and the persons in whose benefit and behalf the said Monmouth Trust and Safe Deposit Company had been appointed executor and trustee, with intent to convert to their own use and the uses and purposes of the Monmouth Trust and Safe Deposit Company, did willfully, unlawfully and fraudulently take and convert the said money, goods, chattels, property, rights in action and other valuable securities belonging to the estate of said William Mills and to the persons in whose benefit and behalf the said Monmouth Trust and Safe Deposit Company had been appointed and was acting as executor and trustee, to their, said Albert C. Twining and David C. Cornell's, own use, and to the use and purposes of the said Monmouth Trust and Safe Deposit Company, the executor and trustee as aforesaid of William Mills, deceased.

We may surmise from these averments that the pleader intended, as counsel for the state argued, to charge a violation of section 172 of the Crimes act. *Pamph. L.* 1898, *p.* 841.

The indictment fails to specify whether the property converted was money, chattels or choses in action; it charges a conversion of all. It avers the property to have been in the "estate of William Mills" and the persons in whose benefit and behalf the trust company had been appointed executor, from which we infer that it was the property of the trust company, as executor of Mills. The property could not be in the estate of Mills and the persons beneficially interested in that estate, as the indictment avers. It charges a conversion to the use of the defendants and of the trust company as executor and trustee. These defects were so obvious that upon a motion to quash the Quarter Sessions amended the indictment so as to charge that the defendant Twining, as president, and Cornell, as treasurer, converted money belonging to the trust company, as executor and trustee, to their own use.

The only justification to be found for this procedure is contained in section 44 of the Criminal Procedure act. *Pamph. L.* 1898, *p.* 881. This section provides that every objection to any indictment, for any defect of form or substance apparent on the face thereof, shall be taken by demurrer or motion to quash such indictment before the jury shall be sworn, and not afterwards; and every court before which any such objection shall be taken for any such defect, or before whom any person may be tried, may, if it be thought necessary, cause the indictment to be forthwith amended in any particular.

This section was first introduced into our legislation by the revision of 1874. *Rev., p.* 277, § 53. It is probable that its object was to compel the defendant to raise objections apparent on the face of the indictment before the jury was sworn, and thus to avoid a reversal for such defects after a trial had been had. The language is, however, broad enough to justify a construction which would permit any amendment in substance.

A case arose soon after the passage of the act. In *State v. Startup,* 10 *Vroom* 423, two of the indictments before the court, upon motion to quash, were held defective because they failed to charge a criminal intent, and a motion was made to amend. One of the justices before whom the case was heard was Justice Depue, who had been one of the revisers, and the case therefore has the advantage of being a contemporaneous construction of the statute, concurred in by one of its authors. The court held that "the legislature cannot constitutionally authorize an amendment, in substance, which will change an indictment found by a grand jury so as to substitute one crime for another charged therein; nor if the indictment fail to set out any crime, can the court so amend it as to charge the crime which it is supposed they intended."

In *State* v. *Kern,* 22 *Vroom* 259, 264, the present Chancellor said, in reference to this section: "In view of the constitutional provision that no person shall be held to answer for a criminal offence unless on the presentment or indictment of a grand jury, the legislative grant was broader than it had a right to make," and he referred, apparently with approval, to State *v.* Startup.

If the indictment in this case failed to set out any crime, the court, under these decisions, which we approve, was without power to amend it. The crime defined by the statute is the conversion of the property of the corporation to some use or purpose other than the use or purpose of the corporation. The charge in the indictment is the conversion of the property of the corporation, as executor, to the use of the defendants and the use and purpose of the corporation as executor. We find it difficult to understand what the pleader intended when he charged a conversion to the use both of the defendants and of the corporation; but whatever he intended, it is obvious that a conversion to the use of the corporation, as executor, conjointly with the use of the defendants, is not a conversion to a use other than the use of the corporation; for the corporation must still retain some

property right after such a conversion, and to convert the corporation's property to the corporation's own use, clearly, is not a criminal offence, even if it can be called a conversion. The indictment failed, therefore, to charge a crime. The amendment by which it was made to charge a crime was in violation of the constitutional right of the defendants not to be held to answer to a criminal offence unless on the indictment of a grand jury.

It is proper to add that this case does not involve an amendment of a variance under section 34 of the Criminal Procedure act. *Pamph. L.* 1898, *p.* 878. That section is applicable only upon the trial of the indictment where there is a variance between the statement of the indictment and the evidence offered in proof thereof. The amendment in this case was made upon a motion to quash, before any evidence had been offered.

The judgment must be reversed.