Argued May 5, reversed June 1, 1915.

# STATE *v.* MOYER.

## (149 Pac. 84.)

**Arson—Offenses—Essentials.**

1. Under Section 1932, L. O. L., declaring that if any person shall willfully and maliciously burn, in the night-time, any barn of another, he shall be guilty of arson, the indictment must allege the owner of the barn as part of the description of the offense.

[As to ownership of property burned as affecting crime of arson, see note in Ann. Cas. 1912A, 1126.]

**Indictment and Information—Amendments—Defects in Form.**

2. Under Article VII, Section 18, of the Constitution, providing that any district attorney may file an amended indictment, whenever an indictment has been held defective in form, an indictment charging the arson of a barn, which did not describe the owner, cannot be *amended so as to supply* the defect, for the allegation of ownership is an essential to the offense, and so is not a mere formal allegation, but is matter of substance that must be proved.

[As to constitutionality of statute permitting amendment of indictment, see note in Ann. Cas. 1913A, 402.]

From Malheur: DALTON BIGGS, Judge.

In Banc.    Statement by MR. JUSTICE EAKIN.

The defendant, George F. Moyer, was indicted for the crime of setting fire to and burning a stable. The portion of the indictment important here is as follows:

"The said Geo. F. Moyer, on the 21st day of March, 1914, * * did then and there wrongfully, unlawfully, feloniously, willfully and maliciously, in the night-time, set fire to and burn a stable, to wit, the Jordan Valley Livery-stable. * * "

To this indictment the defendant demurred, for the reason that it did not state facts sufficient to constitute a crime. The court, after argument, sustained said demurrer, and allowed the district attorney to amend the indictment without submitting the matter to another grand jury; such permission being authorized

by Section 18, Article VII, of the Constitution, as amended in June, 1908, by the clause:

"Provided, however, that any district attorney may file an amended indictment whenever an indictment has, by a ruling of the court, been held to be defective in form."

Section 18 of Article VII of the Constitution originally provided:

"The legislative assembly shall so provide that the most competent of the permanent citizens of the county shall be chosen for jurors; and out of the whole number in attendance at the court, seven shall be chosen by lot as grand jurors, five of whom must concur to find an indictment. No person shall be charged in any Circuit Court with the commission of any crime or misdemeanor defined or made punishable by any of the laws of this state, except upon indictment found by a grand jury."

The defendant filed a motion asking an order of the court directing that the amendment be not allowed, and that the indictment be quashed for the reason that it had not been returned by any grand jury of Malheur County, Oregon, which motion was by the court overruled, and the amended indictment was filed by the district attorney. The ground of the objection to the original indictment was that it charged the burning of a stable, namely, the Jordan Valley Livery-stable, and did not name the owner of the stable. The amended indictment sets forth that he burned a stable, to wit, the Jordan Valley Livery-stable, being then and there the property of another, to wit, the Jordan Valley Hotel Company, a corporation. Defendant was tried upon the said indictment and found guilty, from which sentence he appeals.     REVERSED.

For appellant there was a brief over the names of *Mr. Julian Hurley* and *Mr. George W. Hayes,* with an oral argument by *Mr. Hurley.*

For the State there was a brief over the names of *Mr. George M. Brown,* Attorney General, *Mr. William H. Brooke,* District Attorney, and *Mr. Ralph W. Swagler,* with oral arguments by *Mr. Brown* and *Mr. Swagler.*

Mr. JUSTICE EAKIN delivered the opinion of the court.

1, 2. Section 1932, L. O. L., provides:

"If any person shall willfully and maliciously burn in the night-time any church, courthouse, * * or any * * mill, barn, stable, shop, or office of another, * * such person shall be deemed guilty of arson."

Therefore, it was necessary to allege the owner of the barn as a part of the description of the offense. Its omission from the charge was fatal to a demurrer, and the amendment of the indictment is authorized only by the Constitution itself in this state, which provides that it may be amended as to matter of form merely. We have no statute authorizing such amendments, or any legislation upon the subject, other than the amendment by the clause in the Constitution. By our Constitution the defendant is entitled to be tried upon an indictment found by a grand jury who act under oath, and amendment of the indictment in matters of substance is unauthorized. The authorities seem to all agree that such an amendment is unauthorized, unless approved by the grand jury, or that such an amendment is authorized by statute. In *Welty* v. *Ward,* 164 Ind. 457 (73 N. E. 889, 3 Ann. Cas. 556), the court, after citing cases from the State

of Massachusetts and the ruling of the Supreme Court of the United States, states that the rulings in those cases are not recognized in Indiana, because in those instances there was no statute authorizing the amendment of the indictment. However, the court says:

"In this state [Indiana] we have a statute which authorized the court to order the correction of the indictment, and a Constitution which provides (Section 17, Article VII) that the General Assembly may modify or abolish the grand jury system. Statutes authorizing the amendment of indictments have been sustained in a number of states."

Our Constitution contains the only provision which authorizes such an amendment, but only as to form; and there seems to be a well-recognized distinction between matters that are purely matters of form and matters that go to the substance of the indictment, namely, formal matters which are not essential to the charge and merely clerical errors, such as where the defendant cannot be misled to his prejudice by the amendment, would be the only cases which are permissible under our Constitution. But where there is an omission or misstatement which prevents the indictment from showing on its face that an offense has been committed, or to charge the particular offense, the test of the amendment is whether the same defense is available to the defendant after the amendment as before and upon the same evidence. Many of the authorities state that an indictment cannot be amended except where specially authorized. In this case it must have been specially authorized by the Constitution itself, and can go only to matters of form. The Encyclopedia of Pleading and Practice, Volume 1, at page 688, provides:

"An indictment cannot, except in cases where the law has specially authorized such proceeding, and in matters of form which are not matters of substance, be amended by the court without the concurrence of the grand jury, even with the consent of the accused."

On page 690 we find:

"Matter that is essential to be set forth or to show that an offense has been committed is matter of substance, and cannot be amended without the concurrence of the grand jury."

In 22 Cyc., at page 445, it is stated:

"Material allegations of the indictment must be proved. Matter which is not charged in the indictment need not be proved or considered. * * As a general rule, matter alleged in identification of property must be proved as alleged. * * If the indictment state the name of the owner of property, although unnecessarily, it must be proved as laid."

Matters that are necessary to be proved as alleged are material to the indictment. At page 439 it is said:

"In applying the principles set forth and statutes referred to in the preceding subdivisions with reference to matters of substance and form, there has been some conflict of opinion as to what are to be regarded as amendments in matter of substance as distinguished from mere matter of form. It is, perhaps, safe to say, however, on the one hand, that the power of amendment extends to formal matters which are not essential to the charge, and mere clerical errors, etc., where the defendant cannot be misled or prejudiced; but, on the other hand, any omission or misstatement which prevents an indictment or information from showing on its face that an offense has been committed, or from showing what offense is intended to charge, is a defect in matter of substance which cannot be cured by amendment at the trial, or in the case of an indict-

ment, by the court at any time, where an indictment is necessary.''

Bishop on Criminal Procedure, Section 97, provides:

''Mere formal allegations may be amended where a statute so authorizes; those of substance, not.''

There seems to be a distinction made in all of the text-books as to the amendment of matters in an indictment and matters in an information. In the former case the Constitution requires that the defendant be charged by an indictment, and these rules as to amendment do not apply thereto; but an information is not considered a charge found by a grand jury under oath. Therefore, the legislature may provide for the amendment of an information even in matters of substance. It is said in *State* v. *Springer,* 43 Ark. 91:

''An indictment when filed in court is a record and cannot be withdrawn for amendment or any other purpose. If insufficient, a *nolle prosequi* should be entered and a new indictment found.''

In *State* v. *John Lyon,* 47 N. H. 416, it is held:

''The name of the owner of the goods, in an indictment for larceny, is a matter of substance, and cannot be supplied by amendment.''

In *State* v. *Startup,* 39 N. J. Law, 424, it is stated:

''If an indictment found by a grand jury fail to set out any crime, the court cannot amend it as to charge the crime which it is supposed they intended.''

See *State* v. *Twining,* 71 N. J. Law, 388 (58 Atl. 1098).

The judgment is reversed and the cause remanded for further proceedings. REVERSED AND REMANDED.