Argued March 28, reversed and remanded April 21, 1972

## STATE OF OREGON, *Respondent, v.* BRUCE SCOTT ERBS, *Appellant.*

496 P2d 38

*Ken C. Hadley,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FORT, J.

Defendant was indicted on two counts, the first charging burglary in a dwelling, and the second, attempted rape, as follows:

"ORS 164.230—Count I

"That the said defendant, Bruce Scott Erbs, on the 5th day of September A.D. 1971, in the said County of Washington, State of Oregon, then and there being did then and there wilfully, unlawfully and feloniously break and enter a certain dwelling house located at 4250 S. W. 167th, Aloha, Washington County, Oregon, with the intent to then and there unlawfully and feloniously commit a crime, to-wit: rape, upon Elizabeth M. Giebelhouse, a female of the age of 11 years, he, the defendant, being over the age of 16 years; and

"ORS 163.210—Count II

"That the said Bruce Scott Erbs, as part of the same act and transaction alleged above, on September 5, 1971, in Washington County, Oregon, did then and there unlawfully and feloniously attempt to carnally know one Elizabeth M. Giebelhouse, a female child under the age of 16 years, to-wit: of the age of 11 years, but the said Bruce Scott Erbs did then and there fail in the perpetration of said crime of statutory rape * * *."

He was convicted on both counts and sentenced separately on each. He appeals, asserting two errors.

■ At the close of the state's case the court on its own motion concluded it should submit to the jury not the crime of attempted statutory rape charged in Count II, but forcible rape. It so instructed the jury and told them in effect to disregard the charge of statutory rape.

Defendant contends that this was error. We agree.

In *State v. Moyer,* 76 Or 396, 149 P 84 (1915), the court discussed at length the rules surrounding the amendment of an indictment:

"Our Constitution[①] contains the only provision which authorizes such an amendment, but only as to form; and there seems to be a well-recognized distinction between matters that are purely matters of form and matters that go to the substance of the indictment, namely, formal matters which are not essential to the charge and merely clerical errors, such as where the defendant cannot be misled to his prejudice by the amendment, would be the only cases which are permissible under our Constitution. But where there is an omission or misstatement which prevents the indictment from showing on its face that an offense has been committed, or to charge the particular offense, the test of the amendment is whether the same defense is available to the defendant after the amendment as before and upon the same evidence. Many of the authorities state that an indictment cannot be amended except where specially authorized. In this case it must have been specially authorized by the Constitution

---

[①] Oregon Constitution, Art VII (Amended), § 5:

"* * * No person shall be charged in any circuit court with the commission of any crime or misdemeanor defined or made punishable by any of the laws of this state, except upon indictment found by a grand jury; provided, however, that any district attorney may file an amended indictment whenever an indictment has, by a ruling of the court, been held to be defective in form. * * *"

itself, and can go only to matters of form. The Encyclopedia of Pleading and Practice, Volume 1, at page 688, provides:

"'An indictment cannot, except in cases where the law has specially authorized such proceeding, and in matters of form which are not matters of substance, be amended by the court without the concurrence of the grand jury, even with the consent of the accused.'

"On page 690 we find:

"'Matter that is essential to be set forth or to show that an offense has been committed is matter of substance, and cannot be amended without the concurrence of the grand jury.'" 76 Or at 399-400.

More recently, in *State v. Russell,* 231 Or 317, 322-23, 372 P2d 770 (1962), the court stated:

"We find no authority in a criminal trial to amend the pleadings to conform to the proof as is done in civil cases. Cf. ORS 16.630. The overwhelming weight of authority is to the contrary. *State v. Moyer,* 76 Or 396, 149 P 84 (1915); see Annotation, 101 ALR 1254. The time to amend the substantial facts alleged in an indictment is while the indictment is before the grand jury. * * *"

The state in its brief expressly admits that the court committed error in amending the indictment on its own motion, but contends that it was not prejudicial.

The court here instructed the jury that force was an essential element of the crime which it submitted to the jury. No such charge is asserted in Count II. A defendant is entitled to know what elements he must be prepared to meet in order to prepare a defense. Here the court in its instructions removed from the jury's consideration one essential element charged in the indictment, the age of the prosecutrix,

and added a new one, the employment of force. Neither was a matter of form.

■ While it is of course true that a man may be convicted of forcibly ravishing a female under the age of consent (*State v. Lee,* 33 Or 506, 56 P 415 (1899)), he may not be so convicted under an indictment which does not charge that crime.

■ The second assignment of error relates to the imposition of sentence upon both counts. The state concedes that here this also was error since "the only felonious intent apparent at the time of the burglary was the intent to commit rape in the dwelling burglarized." *State v. Woolard,* 259 Or 232, 484 P2d 314, 485 P2d 1194 (1971).

Reversed and remanded for new trial.

SCHWAB, C. J., specially concurring.

While I concur in the conclusion reached by the majority as to both assignments of error, I wish to note a difference of emphasis as to the first assignment of error. If the trial court had erred only by instructing the jury that in order to convict the defendant of attempted rape it had to find that the defendant used force, the error, although clear, would have been harmless. That instruction merely added an additional element of proof and served only to benefit the defendant, albeit improperly. However, when the trial court in effect instructed the jury that the age of the victim, i.e., whether she was under or over the age of consent was immaterial, the jury was told that it could find the defendant guilty even though one of the material elements of the charge as set forth in the indictment was not proven. This instruction placed the proceedings beyond salvage.