Argued April 25, affirmed May 16, 1977

STATE OF OREGON, *Respondent,*
*v.*
MELVIN FRANK COTTRILL, *Appellant.*
(No. 76-1862-C-2, CA 7199)

563 P2d 1236

J. Marvin Kuhn, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

James C. Rhodes, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

THORNTON, J.

**THORNTON, J.**

Defendant appeals his conviction by a jury for theft in the first degree, ORS 164.055. Defendant's single contention is that the information alleges theft of $200 in United States currency and only theft of travelers checks was proven. This variation between the information and the proof at trial, he maintains, constitutes a material variance which was prejudicial. *State v. Cook,* 154 Or 62, 59 P2d 249 (1936); *State v. Hanson/Hughes,* 14 Or App 586, 513 P2d 1202, Sup Ct *review denied* (1973).

The information reads as follows:

"The above named Fred Slater (MELVIN F. COT-TRILL) accused by Thomas W. Farrell by this Information of the Crime of THEFT IN THE FIRST DEGREE committed as follows, to-wit:

"That the said Fred Slater on the 2nd day of December 1972, in the County of Jackson, State of Oregon, then and there being, did knowingly, unlawfully and feloniously commit theft of United States Currency, in the amount of $200.00, said property owned by Citicorp Services, Inc., a subsidiary of First National City Corporation, a New York corporation, contrary to the statute in such cases made and provided, and against the peace and dignity of the State of Oregon.

"Dated this 22 day of May 1973, at Medford, Jackson County, Oregon."

At trial the state proved that defendant assumed the name Fred Slater and purchased 10 First National City Bank travelers checks totaling $200 in value on November 14, 1972, in Albuquerque, New Mexico. The serial numbers on the checks purchased by defendant were 149-173-136 through 149-173-145 and those checks were negotiated in November of 1972. Subsequently, on December 1, 1972, defendant, employing the purchase receipt from this transaction on which one of the serial numbers had been altered, made a claim through the South Medford Branch of the United States National Bank of Oregon for loss of $200 in First National City Bank travelers checks

[ 427 ]

numbered 147-173-136 through 147-173-145. A later check of First National City Bank records showed that the travelers checks claimed lost by defendant had not been issued to defendant but to two persons in California. On the basis of defendant's representations, the United States National Bank of Oregon issued replacement travelers checks to defendant. The replacement checks were endorsed by defendant and negotiated out of state. There was no direct proof that defendant actually negotiated the replacement checks.

At common law there was a split of authority on the issue of whether there was a fatal variance when the indictment alleged theft of money and the evidence showed that there was a theft of a check and a subsequent negotiation of the check by defendant. *Compare, O'Brien v. State,* 238 Ala 189, 191 So 391 (1939), *with People v. Arnold,* 20 Cal App 35, 127 P 1060 (1912). *See,* Annotation, 141 ALR 210, 220-25 (1942).

In *State v. Germain,* 54 Or 395, 103 P 521 (1909), the Oregon Supreme Court determined that there was no variance between an indictment for obtaining money by false pretenses which alleged receipt of money and proof which showed receipt of a check subsequently cashed by defendant.

We find no controlling distinctions between *State v. Germain, supra,* and the case at bar. *Accord: Roberts v. The People,* 9 Colo 458, 13 P 630 (1887); *Rand v. Commonwealth,* 176 Ky 343, 195 SW 802 (1917); and *State v. Joseph,* 115 Ohio St 127, 152 NE 186 (1926).

Affirmed.