Argued and submitted April 5, reversed and remanded for new trial May 15, 1991

## STATE OF OREGON,
*Respondent,*

*v.*

## NEDRA D. SOHN,
*Appellant.*

### (CM89-0067; CA A62313)

810 P2d 1337

John Henry Hingson III, Oregon City, argued the cause and filed the brief for appellant.

Jas Adams, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant appeals her conviction for theft by deception. ORS 164.085. We reverse.

Defendant worked for Corvallis Tool Company and in June, 1988, assumed the responsibility of payroll clerk. In late August, one of the company's owners discovered an error in the accounts. In September, he discovered payroll records showing that defendant had been paid for 150 hours "straight time" and ten hours of overtime in a two-week pay period, when the maximum number of "straight time" hours was between 80 and 96. The owner began to investigate and discovered double entries in the accounts payable log, missing checks and double payments to suppliers. Defendant was fired, and further investigation revealed other improper payments.

The indictment charged that defendant committed the crime of theft in that, "between August 15 and September 30, 1988," she knowingly took property with a value of more than $500. Defendant argues that the trial court erred when it instructed the jury that

> "[a]s far as count I, the Theft by Deception, that charge relates to allegations that *the defendant committed Theft by Deception between June 15th, 1988, and September 21st, 1988,* by paying herself for more hours than she was entitled to be paid for and/or that between August 15th, 1988, and September 21st, 1988, by reimbursing herself from CTC funds for items she did not purchase for the company." (Emphasis supplied.)

Defendant argues that the effect of changing the dates in the instruction was to amend a material allegation of the indictment and that the amendment prejudiced her preparation of a defense. The state contends that, in this embezzlement case, time is not a material element of the offense which the state must prove. Therefore, the indictment need not allege a precise time. ORS 135.717; *State v. Milbradt,* 305 Or 621, 631-32, 756 P2d 620 (1988). The state contends that the instruction "adjusted" the charge to conform to the proof and that the record does not support defendant's contention that she was prejudiced.

The glaring problem with the state's contention is that there is no authority for a trial court to amend the pleadings to conform to the proof in a criminal case. *State v. Russell,* 231 Or 317, 372 P2d 770 (1962). The effect of such a change in this case was to amend the grand jury's indictment. A trial court has no such authority. *See* Oregon Constitution, Art VII (Amended), § 5; *State v. Moyer,* 76 Or 396, 149 P 84 (1915). Only the grand jury is empowered to rewrite its indictment.

The trial court's instruction was not related to the state's burden of proof as to a precise date. By expanding the dates beyond those in the indictment, the instruction allowed the jury to convict defendant for acts outside those which provided the basis for the grand jury's accusatory instrument. The amendment was one of substance that prejudiced defendant.

It is apparent from the record that the grand jury that indicted defendant also indicted her husband for theft by deception "operating in pursuit of a common intent" with defendant between June 15, 1988, and August 1, 1988. Husband's charges were dismissed about ten days before trial. On June 22, defendant's counsel received a memorandum from the prosecutor identifying the state's theory that the thefts were committed by various means between June 15 and September 21.[1] Defendant's trial began June 27, 1989. She objected before trial to the admission of evidence of acts before August 15. The trial court admitted them as evidence of "other crimes, wrong or acts" under OEC 403 to show a pattern of embezzlement.

---

[1] Defense counsel explained:

"Now, shortly before the trial, [the prosecutor] comes and says well not only do you have [to] defend against those, but I've got all these other matters that used to belong to Mr. Sohn's case [the checks within the period of the indictment]. Not only do you have to represent Mrs. — not only do you have to represent the ones I gave you notice to, but I'm also now giving you notice that I'm charging that she stole money from the company by doing this and this and this and this, which are generally the charges that Mr. Sohn had. In fact, they're all really the charges that Mr. Sohn had.

"And that expanded time frame is now from, instead of August 15th to September 21st, which is a little over thirty days, going back in time to approximately June 13th. We're adding another June, July through August, so we're adding an extra ninety days to the period of time."

The court's instruction changed the nature of the "other crimes" evidence. It allowed the jury to consider the pre-August 15 acts, not merely as evidence showing a common plan, but instead as acts on which it could convict defendant. The grand jury did not charge defendant for those acts, and the jury should not have been instructed that it could find her guilty on that basis. The instructions amended the indictment and prejudiced defendant.

Because of our disposition, we need not address defendant's other assignments of error.

Reversed and remanded for a new trial.