Argued and submitted August 30, 1991, reversed January 8, 1992

STATE OF OREGON,
*Respondent,*

*v.*

RICHARD SHAWN WILCOX,
*Appellant.*

(9002-0374; CA A65285)

823 P2d 1009

Irene B. Taylor, Salem, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender, Salem.

Thomas Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

### ROSSMAN, J.

Defendant appeals his conviction for first degree theft. ORS 164.055(1)(a). The issue is whether the trial court erred in amending the indictment to conform to proof presented at trial. We reverse.

The indictment reads:

"Theft in the First Degree, committed as follows:

"The said defendant(s) did, in Linn County, State of Oregon, on or about September 5, 1989, unlawfully and knowingly commit *theft of money*, of the value of five hundred dollars or more, *the property of Pacific First Bank, Albany Branch*, Albany, Oregon, contrary to the Statutes in such cases made and provided and against the peace and dignity of the State of Oregon." (Emphasis supplied.)

At the start of the trial, the district attorney, defense counsel and judge engaged in a discussion:

The Court: "Mr. Eder, was there a matter you wanted to bring up before the jury entered?

District Attorney: "Yes, Your Honor. *It has to do with the specific allegations of the indictment and the theory under which the State is going to be asking the Court to submit the matter to the jury.* As the court can see from the indictment[,] it alleges theft of money and it alleges it's the property of Pacific First Bank, Albany Branch. The evidence that will be presented from the witnesses will show that a check belonging to the person named Marcia Coats was taken by [defendant] after it had been counter signed by Mrs. Coats and lost. It was taken by a person and [defendant] took it into the Albany Branch, took it into the Corvallis Branch actually of Pacific First Bank and deposited it in his account and then came over to the Albany Branch and took money out of his account drawing on the force of that check.

"*It has been alleged that the property is the property of Pacific First Bank. The State will ask the Court to submit the case under the theory that the property of five hundred dollars or more was actually the property of Marcia Coats. In that respect I think that the evidence will not support a conclusion by the jury that the property belonged to Pacific First Bank,* but I think the evidence will support the conclusion that the property did belong to Marcia Coats and that the defendant appropriated the property of Marcia Coats and it was more than five hundred dollars." (Emphasis supplied.)

Defense counsel responded:

"We would object to any amendment at this time, Your Honor. This case was submitted to the Grand Jury, witnesses were called, it was fully investigated by the police and I think all the facts were known to the District Attorney at the time it was presented to the Grand Jury and they chose the wording of the indictment at that time. *To come here on the morning of trial and ask the Court to essentially amend the indictment, to change its theory, I think I believe would be inappropriate* and therefore we would strongly object." (Emphasis supplied.)

The state continued:

"Let me be clear on what I am asking the Court, Your Honor. Mr. Hickam has known of these facts since the first time discovery was presented and he is quite right, the facts were presented to the best that I know to the Grand Jury. * * * I think that at the conclusion of the evidence it may well be proper for the Court to conclude that there is not evidence that the property appropriated was the property of Pacific First Bank and so in that sense it might well be proper for the Court to conclude that a judgment of acquittal on the charge in the indictment would be correct. I will leave that to how the evidence comes in, but I believe that that is likely to be the case. *However, I will be asking the Court even if the Court would grant a judgment of acquittal on the indictment as stated, to submit the case nonetheless on another theory of theft*, which was fully disclosed to the defendant, no surprise to the defendant, still states the charge fully and still were within the facts that were entirely disclosed and he has had an opportunity to prepare for and still fully supports the charge of Theft in the First Degree." (Emphasis supplied.)

The evidence at trial showed that, on September 5, 1989, defendant negotiated a $2,550 check that belonged to an individual named Coats, who testified that, on that date, she had received the check from an investment company, had endorsed it and had lost it en route to her bank. A bank official testified that, later that day, defendant had placed his endorsement on Coats' check, had deposited it into his bank account and had withdrawn a total of $2,300 in cash from the Corvallis and Albany branches of his bank.

Over defendant's objection, the trial court instructed the jury that it could convict defendant of theft of a check from Coats:

"Now, in this case, the defendant has been accused of the crime of Theft in the First Degree. The charging portion of the indictment reads as follows:

" 'That the above-named defendant is accused by this indictment of the offense of Theft in the First Degree, committed as follows: The said defendant did, in Linn County, State of Oregon, on or about September 5, 1989, unlawfully and knowingly commit theft of — *'and I have allowed an amendment of the indictment so it no longer reads, "property of Pacific First Bank" as I read to you earlier* — *'alleged to have committed theft of the following property the check from John Hancock Clearing Corporation to Marcia Coats, dated August 28, 1989, from the owner Marcia Coats and the check having the value of more than $500.'* "

Defendant argues that that instruction impermissibly amended the substance of the indictment.

■ We begin by noting that this case does not concern the sufficiency of the charging instrument. It is undisputed that the indictment alleged all of the elements of the crime of theft and contained the language required by statute. The issue is whether the trial court's amendment[1] of the indictment constituted a permissible change in its form or an impermissible change in its substance. If an amendment to an indictment is needed to correct a defect of *substance*, then the state is required to resubmit the indictment to the grand jury. Or Const, Art VII (amended), § 5(6);[2] *State v. Green*, 44 Or App 253, 258, 605 P2d 746 (1980).

■ An indictment that alleges theft of money is not at variance with evidence of the negotiation of a check. *State v. Cottrill*, 29 Or App 425, 563 P2d 1236 (1977). Therefore, the only question is whether the substitution of "Ms. Coats" for "Pacific First Bank" constituted a change in the substance of the indictment. The state argues that the substitution of a different victim is an immaterial change in form and points to ORS 135.725:

---

[1] When appropriate, indictments may be literally or tacitly amended by a trial court's instructions to the jury. *See, e.g., State v. Sohn*, 107 Or App 147, 810 P2d 1337 (1991).

[2] Article VII (amended), section 5(6), provides that the district attorney "may file an amended indictment or information whenever, by ruling of the court, an indictment or information is held to be defective in form."

"When a crime involves the commission of or an attempt to commit a private injury and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured or intended to be injured is not material."

Even assuming that that statute has any bearing on the question of whether an amendment to the indictment was proper under the constitution, the statute requires the state to show that the crime alleged "is described with sufficient certainty in other respects to identify the *act* * * *." (Emphasis supplied.) An indictment that specifies "theft from a bank" does not describe theft from a named individual. At any rate, we are not persuaded that the statute on which the state relies disposes of the question presented in this case.

Our task is to determine whether the *amendment* to the indictment, which was necessary to square the indictment with the evidence, was one of form or substance. In *State v. Moyer*, 76 Or 396, 399, 149 P 84 (1915), the Supreme Court wrote that matters of form include clerical errors that do not mislead or prejudice the defendant and errors that are not essential to the charge. It continued:

"But where there is an omission or misstatement which prevents the indictment from showing on its face that an offense has been committed, *or [which fails] to charge the particular offense, the test of the amendment is whether the same defense is available to the defendant after the amendment as before and upon the same evidence.*" 76 Or at 399. (Emphasis supplied.)

*See also State v. Green, supra*, 44 Or App at 256, 257.

In this case, the defect in the indictment was not due to a mere clerical error or a mistaken identity. Although defendant was not misled with regard to the *facts* involved, one set of facts can give rise to different *theories* of a case and, correspondingly, to different *defenses*. Under its original theory, the state was required to show that defendant improperly and with criminal intent took money that belonged to his own bank. Defendant's defense was that he did not act with criminal intent. He presented evidence that, when he deposited the check and made a withdrawal against it, he was under the mistaken impression that the check was

legitimate. A friend of defendant testified that *he* had found Coats' check, had asked defendant to cash it for him and had assured defendant that the check was "legit."[3] The friend subsequently pleaded guilty to theft of lost or mislaid property.

The indictment was amended so that it would reflect the proof that supported the state's *theory of the case*. Defendant was indicted on the theory that he had committed theft against the bank by withdrawing cash that was not rightfully his. He was convicted for theft committed against an individual whose check was lost, mislaid or stolen. Because the amendment to the indictment required defendant to defend against a different theory, we hold that the amendment impermissibly changed a matter of substance, rather than a matter of form. *See, e.g., State v. Erbs*, 9 Or App 95, 98-99, 496 P2d 38 (1972).

■ Defendant also assigns error to the trial court's denial of his motion for judgment of acquittal. He argues that, because the evidence was insufficient to prove him guilty of theft of money belonging to a bank, as alleged in the original indictment, the motion should have been granted. At trial and again on appeal, the state has conceded that there was insufficient evidence to prove defendant guilty beyond a reasonable doubt of that charge. The court erred in denying defendant's motion.

Because of our conclusion, we need not address defendant's third assignment of error.

Reversed.

---

[3] The friend said that he had found the check in a parking lot, had later given defendant a ride in his vehicle and, during that ride, had

"stopped at the bank and [asked defendant] if he would deposit a check into his account and withdraw the money and he asked me if it was legit and I told him it was legit and so he deposited it and withdrew it and gave me the money. * * * I informed him that a girl friend of mine gave it to me and she couldn't cash it. I didn't have any I.D. and stuff and I asked him if he could do this for me."