STATE OF OREGON,
*Respondent,*

*v.*

DON RONNALL WOODSON,
*Appellant.*

(C89-05-32774; CA A64036 (Control), A62899)
(Cases Consolidated)

833 P2d 1339

Eric R. Johansen, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his conviction for attempted rape in the first degree. ORS 163.375; ORS 161.405. He contends that the court erred by amending the indictment. We reverse.

■ In a two-count indictment, defendant was charged with rape in the first degree (Count 1) and assault in the fourth degree (Count 2). Just as the trial was starting, but before *voir dire* of the jury panel, the prosecutor told the court that the state had intended to charge defendant with attempted rape in the first degree but, because of a scrivener's error, the grand jury indictment charged the completed crime. The court, over defendant's objection, amended the indictment by interlineation so that it charged attempted rape in the first degree. Defendant was convicted of that charge as well as of assault.[1]

2. Article VII (Amended), section 5, subsection (6), of the Oregon Constitution provides:

> "An information shall be substantially in the form provided by law for an indictment. The district attorney may file an amended indictment or information whenever, by ruling of the court, an indictment or information is held to be defective in form."

That allows the prosecutor to file an amended indictment without resubmitting the matter to the grand jury only if the amendment relates to form, not substance. *State v. Moyer*, 76 Or 396, 149 P 84 (1915); *State v. Wilcox*, 110 Or App 490, 823 P2d 1009 (1992); *State v. Sohn*, 107 Or App 147, 810 P2d 1337 (1991); *State v. Martinez*, 73 Or App 302, 698 P2d 510 (1985); *State v. Green*, 44 Or App 253, 605 P2d 746 (1980).

In *Green*, we said:

> "Matters of form are matters not essential to the charge or mere clerical errors. However, where the indictment or information fails to show, on its face, that an offense has been committed or what the particular offense intended to be charged is, there exists a defect of substance." 44 Or App at 257.

---

[1] Defendant does not raise any issue regarding the assault conviction.

The amendment changed the crime charged from rape in the first degree to attempted rape. The two crimes involve different elements, defenses and punishments. The indictment did not allege the crime that the state intended to charge. *See State v. Martinez, supra.* The amendment cured a defect of substance, not form.

■■ The state argues that defendant is not prejudiced, because the amendment alleged a lesser crime and one that could have been submitted to the jury as a lesser included offense. The Oregon Constitution provides, with certain exceptions not applicable here, that a person can be charged with a felony only by grand jury indictment. It follows that a person can only be tried on a properly returned indictment. Or Const, Art VII (Amended), § 5(3). We decline, by a harmless error analysis, to ignore that constitutional mandate.

Conviction for attempted rape reversed and remanded for new trial; otherwise affirmed.