Argued and submitted February 12, reversed and remanded with instructions to
dismiss indictment September 16, 1992

## STATE OF OREGON,
*Respondent,*

*v.*

## MONICA ANNE COSTELLO,
*Appellant.*

(90C-20674; CA A70265)

837 P2d 552

Kevin T. Lafky, Salem, argued the cause for appellant. With him on the brief was Lafky & Lafky, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant was convicted in a stipulated facts trial of conspiracy to manufacture a controlled substance, ORS 475.992, and possession of a controlled substance. ORS 475.992; ORS 161.450. She assigns error to the trial court's denial of her motions to suppress and to controvert and to its overruling her demurrer to the indictment.

We consider her demurrer first. The indictment alleged in 3 counts that defendant had manufactured, conspired to manufacture and possessed marijuana, all as part of a drug cultivation, manufacture or delivery scheme or network. In response to defendant's demurrer on the ground that the scheme and network language was unconstitutionally vague, the trial court ordered that the offending language be stricken from the indictment; it then overruled the demurrer. Defendant argues that the court should have sustained her demurrer and dismissed the defective indictment, allowing the state to resubmit the matter to the grand jury, if it chose to do so.

The state argues that the stricken language was mere surplusage and that the indictment, as in effect amended by the trial court, was sufficient. ORS 135.715 provides:

> "No accusatory instrument is insufficient, nor can the trial, judgment or other proceedings thereon be affected, by reason of a defect or imperfection in a matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

The inclusion of the scheme or network allegations is not merely a matter of form. That language was included pursuant to ORS 135.711, which requires the accusatory instrument to "allege facts sufficient to constitute a crime or a specific subcategory of a crime in the Crime Seriousness Scale established by the rules of the State Sentencing Guidelines Board." In *State v. Moeller*, 105 Or App 434, 806 P2d 130, *rev dismissed* 312 Or 76 (1991), we held that the trier of fact must decide the truth of the alleged sentencing factors and that the scheme or network language is unconstitutionally vague, making the indictment subject to demurrer.

Striking the offending language had the effect of amending the grand jury's indictment, and the trial court had no authority to do that. ORS 135.660;[1] ORS 135.670.[2] *State v. Woodson*, 113 Or App 688, 833 P2d 1339 (1992); *State v. Sohn*, 107 Or App 147, 150, 810 P2d 1337 (1991). It should have sustained the demurrer. *State v. Andrade-Torres*, 109 Or App 153, 817 P2d 296 (1991).

Because defendant's demurrer should have been sustained, her other claims of error are moot.

Reversed and remanded with instructions to dismiss the indictment.

---

[1] ORS 135.660 provides:

"Upon considering the demurrer, the court shall give judgment, either allowing or disallowing it, and an entry to that effect shall be made in the register."

[2] ORS 135.670 provides:

"(1) If the demurrer is allowed, the judgment is final upon the accusatory instrument demurred to and is a bar to another action for the same crime unless the court, being of the opinion that the objection on which the demurrer is allowed may be avoided in a new accusatory instrument, allows the case to be resubmitted or refiled.

"(2) If the court allows the case to be resubmitted or refiled, it must be resubmitted or refiled by the state within 30 days from the date on which the court enters the order. If the case is not resubmitted or refiled within that time, the defendant shall be discharged from custody or the release agreement discharged or the security deposit returned as provided in ORS 135.680."