Argued and submitted February 26, at Chehalem Middle School, Newberg, affirmed April 3, 2003

## STATE OF OREGON,
*Respondent,*

*v.*

## TANYA MARIE WOODWARD,
*Appellant.*

0102-41372; A114840

66 P3d 556

Stephanie Hortsch, Deputy Public Defender, argued the cause for appellant. With her on the brief was David E. Groom, Acting Executive Director, Office of Public Defense Services.

Katherine H. Waldo, Assistant Attorney General, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Kathleen Cegla, Assistant Attorney General.

Before Haselton, Presiding Judge, and Wollheim and Kistler, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

■ Defendant appeals her judgment of conviction for third-degree theft of a Fred Meyer gift card. Defendant contends that the charging instrument erroneously charged defendant with theft from Fred Meyer rather than with theft from the customer who originally possessed the gift card and that, therefore, the trial court erred when it denied defendant's motion for judgment of acquittal. We examine "the evidence in the light most favorable to the state to determine whether a rational trier of fact * * * could have found the essential element of the crime beyond a reasonable doubt," *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), and affirm.

Defendant was employed by Fred Meyer as a cashier when a customer made a purchase at defendant's cash register and paid with a gift card. The purchase was for less than the total amount of the gift card. Rather than returning the customer's gift card, defendant instead gave the customer a different card with a zero balance. Later that evening, defendant made purchases with the customer's gift card at a different Fred Meyer location. Later, Fred Meyer issued the customer a new $50 gift card.

Defendant was charged by way of information:

"The above-named defendant is accused by this information of the crime(s) of COUNT 1 - THEFT IN THE THIRD DEGREE committed as follows:

"COUNT 1
THEFT IN THE THIRD DEGREE

"The said defendant, on or about January 26, 2001, in the County of Multnomah, State of Oregon, did unlawfully and knowingly commit theft of personal property, of the total value of less than fifty dollars, the property of FRED MEYER, INC., contrary to the statutes in such cases made and provided against the peace and dignity of the State of Oregon[.]"

We agree with defendant that the evidence at trial was inconsistent with the charging instrument's identification of the victim of the theft. Although the charging instrument alleges that defendant committed the theft of "the property of Fred Meyer, Inc.," the evidence at trial was that the remaining balance on the gift card was stolen from the customer and not from Fred Meyer. However, that variance in proof did not compel the allowance of defendant's motion for judgment of acquittal.

■ In *State v. Newman*, 179 Or App 1, 3-4, 39 P3d 874 (2002), we addressed the issue of variances between the charging instrument and evidence presented at trial. The defendant in *Newman* appealed from a conviction of driving while suspended or revoked. Although the indictment alleged that the defendant's driving privileges had been suspended by DMV, the evidence presented at trial was that they had been suspended by the court. We relied on *State v. Long*, 320 Or 361, 885 P2d 696 (1994), *cert den*, 514 US 1087 (1995), to assist us in determining what constitutes a material element, or a matter of substance. In *Long*, the Supreme Court explained that:

> "Matters of form are matters that are not essential to the charge and are merely clerical matters, such as matters as to which the defendant cannot be misled to his or her prejudice by the amendment. A matter that is essential to show that an offense has been committed is a matter of substance."

*Id.* at 367 n 9 (internal citations omitted). The process for determining whether a variance between an allegation and the evidence at trial is material is twofold:

> "First, a court examines whether the variance between an allegation and proof concerns an allegation of a material element of the crime. Second, if the allegation does not concern a material element of the crime, the court determines whether 'on the facts of the particular case, the defendant had suffered prejudice to his defense by' the variance between the allegation and the proof."

*Newman*, 179 Or App at 7 (internal citations and footnote omitted).

Accordingly, we must first determine whether the information states a crime without the allegation "the property of FRED MEYER, INC" or, in other words, "whether that allegation is a material element of the crime." *Id.* at 9.

ORS 164.043 provides, in part:

"(1) A person commits the crime of theft in the third degree if, by means other than extortion, the person:

"(a) Commits theft as defined in ORS 164.015; and

"(b) The total value of the property in a single or an aggregate transaction is under $50."

ORS 164.015 provides, in part:

"A person commits theft when, with intent to deprive another of property or to appropriate property to the person or to a third person, the person:

"(1) Takes, appropriates, obtains or withholds such property from an owner thereof[.]"

Pursuant to a plain reading of the statutes, the only material element concerning the victim of the offense is the requirement that the defendant deprived "another" of her property or withheld property from "an owner." The *identity* of the owner of the property is not material. Here, the information alleges that defendant committed theft against Fred Meyer, an entity that constitutes "another" or "an owner."

Additionally, ORS 135.725 provides:

"When a crime involves the commission of or an attempt to commit a private injury and is described with sufficient certainty in other respects to identify the act, *an erroneous allegation as to the person injured or intended to be injured is not material.*"

(Emphasis added.)

We relied upon ORS 135.725 in *State v. Hull*, 33 Or App 183, 575 P2d 1015 (1978), *aff'd*, 286 Or 511, 595 P2d 1240 (1979), where we held that the identity of the victim is not a material element of the crime of theft. In *Hull*, we explained that the defendants were charged with theft of a heifer and were tried and convicted by the court sitting without a jury. 33 Or App at 185. On appeal, the defendants

argued that the trial court erred in denying their motion for acquittal because the state could not prove that the heifer was the property of the person named in the indictment. *Id.* The defendants argued that the heifer could have belonged to any of the five ranchers who pastured cattle in the area where the heifer was killed or that the heifer could have been wild. *Id.* at 189. Our decision ultimately relied upon "the more modern view" that the owner of the stolen property is not a material element of the crime of theft. *Id.* We stated:

> "Larceny is an offense against the public * * * and the offense is the same whether the property stolen belongs to one person or several persons jointly * * *. The names of the owners of the stolen property constitute no part of the offense. They are stated in the information primarily as a matter of description for the purpose of identification and to show ownership in a person or persons other than the accused."

*Id.* at 190 (internal quotation marks and citations omitted).

The Supreme Court affirmed, holding that, under ORS 135.725, "[i]t is immaterial whose property the animal was, as long as it was the property of someone other than defendants." 286 Or at 519.

The variance between the allegation and the evidence at trial in this case does not concern a material element of theft in the third degree. Pursuant to the relevant theft statutes, ORS 164.043 and ORS 164.015, the identity of the victim is not material. Furthermore, under ORS 135.725 and both our and the Supreme Court's decisions in *Hull*, as long as the allegation states that the property stolen was owned by someone other than defendant, the allegation is sufficient.

Having determined that the identity of the victim is not a material element, we consider whether, on the facts of this case, defendant suffered any prejudice due to the variance between the allegation and the evidence presented at trial.

Defendant presented two defenses: First, defendant argued that there was no intent to deprive the owner of the gift card. Defendant argued that, at most, she was merely negligent and mistakenly gave the owner of the gift card a

different card with a zero balance. Second, defendant argued that even if she did act intentionally, Fred Meyer did not suffer a loss.

On appeal, defendant relies on *State v. Wilcox*, 110 Or App 490, 823 P2d 1009 (1992), to argue that the variance between the charging instrument's identity of the victim and the proof at trial entitled her to a judgment of acquittal. We disagree. In fact, *Wilcox* highlights why defendant here was not prejudiced by the variance.

The indictment in *Wilcox* identified a bank as the victim of theft in the first degree. *Id.* at 492. We held that the trial court erroneously denied the defendant's motion for judgment of acquittal. We explained that

> "[a]lthough defendant was not misled with regard to the *facts* involved, one set of facts can give rise to different *theories* of a case and, correspondingly, to different *defenses*. Under its original theory, the state was required to show that defendant improperly and with criminal intent took money that belonged to his own bank. Defendant's defense was that he did not act with criminal intent. He presented evidence that, when he deposited the check and made a withdrawal against it, he was under the mistaken impression that the check was legitimate. * * *

> "The indictment was amended so that it would reflect the proof that supported the state's *theory of the case*. Defendant was indicted on the theory that he had committed theft against the bank by withdrawing cash that was not rightfully his. He was convicted for theft committed against an individual whose check was lost, mislaid or stolen. Because the amendment * * * required defendant to defend against a different theory, we hold that the amendment impermissibly changed a matter of substance, rather than a matter of form."

*Id.* at 495-96 (emphasis in original).

Here, one of defendant's arguments was that she did not possess the requisite intent to steal. Therefore, unlike in *Wilcox*, defendant was prepared to defend, and did defend, against the theory that the gift card belonged to the customer rather than to Fred Meyer. Defendant was not prejudiced by the misdesignation of the victim in the charging instrument

because defendant's argument would not have been different had the state alleged a theft from the customer. If defendant's defense was only that Fred Meyer did not suffer a loss, she might have an argument that she suffered prejudice. However, that is not what occurred here. Instead, defendant also defended on the grounds that any appropriation was negligent, not intentional, and that is the defense she would have had even if the information had charged her with stealing from the customer. Notwithstanding the information's allegation of the wrong victim, defendant was able to, and in fact did, develop exactly the same defense that she would have if the information had alleged the correct victim. In sum, there was no prejudice to defendant from the information's erroneous identification of the victim.

We conclude that the variance between the allegation in the charging instrument and the state's evidence at trial does not warrant reversal. The variance between the information and evidence at trial concerned the victim, which is not a material element of the crime of theft. Furthermore, that variance did not prejudice the defense's ability to mount a defense, because defendant raised the same defense that she would have relied on if the information had identified the correct victim.

Affirmed.