Argued and submitted February 28, affirmed December 5, 2012

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DARIN J. KOWALSKIJ,
aka Darin John Kowalski,
*Defendant-Appellant.*

Multnomah County Circuit Court
090632573, 091034174;
A144734 (Control), A144735

291 P3d 802

Stephanie J. Hortsch, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Shannon T. Reel, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Edmonds, Senior Judge.

ORTEGA, P. J.

## ORTEGA, P. J.

Defendant in this consolidated case was convicted of several counts of identity theft, ORS 165.800, and mail theft, ORS 164.162. On appeal, defendant contends that the trial court erred in denying his motion for judgment of acquittal on one of the identity theft charges. Specifically, he argues that the court should have granted his motion because he was erroneously charged with unlawfully obtaining the personal identification of the Oregon Department of Transportation (ODOT) rather than with obtaining the personal identification of an employee of ODOT. We review the facts in the light most favorable to the state, *State v. Parkins*, 346 Or 333, 335, 211 P3d 262 (2009), and affirm.

An officer found a stack of stolen mail, which included checks, bank statements, and other items, in defendant's possession. Several weeks later, during a consent search, an officer found, among other things in defendant's possession, a number of bank statements, pieces of identification, bank cards, and checks, all listing different names. Among the items of mail stolen by defendant was an envelope addressed to ODOT, East Portland to the attention of Mike Beam. Defendant was charged with several counts of identity theft and mail theft. With respect to the identity theft charge at issue (Count 13 in Case Number 090632573), the indictment charged defendant as follows:

> "That said Defendant * * *, did unlawfully, with intent to deceive and defraud, obtain personal identification of OREGON DEPARTMENT OF TRANSPORTATION EAST PORTLAND MAINTENANCE STATION, contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Oregon[.]"

After the state presented its case, defendant moved for a judgment of acquittal on a number of counts, including Count 13, arguing that the indictment did not sufficiently allege a crime because ODOT is not a person and identity theft must relate to a person. The state noted that the documents in question belonged to the listed business but contained the personal identification of an individual. The trial court granted defendant's motion for judgment of acquittal on several counts, but denied it with respect

to Count 13, concluding that acquittal was not required because the evidence showed that defendant had obtained personal identification of a person, Mike Beam. According to the court, the reference to ODOT in the indictment was surplusage: "[Y]ou can drop that language and you still have [the allegation regarding] personal identification." The court reasoned that the indictment sufficiently alleged a crime regardless of the fact that it listed ODOT as the victim because the term "personal identification," as defined in the statute, "always applies to the identification of a person" and it is "not an element to the offense to say who it belonged to."

On appeal, defendant contends that the trial court should have granted his motion for judgment of acquittal on that charge "because the state alleged that defendant obtained the personal identification of ODOT, but ultimately relied on evidence that defendant obtained the personal identification of Mike Beam, a variance that involved a matter of substance, not form." The state responds that, although the proof at trial varied from the allegation in the indictment, that variance was not material and did not prejudice defendant. Accordingly, the issue we must address is whether there was a material variance between the allegations in the indictment (that defendant unlawfully obtained personal identification of ODOT) and the proof at trial (that defendant unlawfully obtained personal identification of Mike Beam at ODOT).

In order to determine whether a variance between an allegation in an indictment and the proof at trial is material, the court first

"examines whether the variance between an allegation and proof concerns an allegation of a material element of the crime. Second, if the allegation does not concern a material element of the crime, the court determines whether on the facts of the particular case, the defendant had suffered prejudice to his defense by the variance between the allegation and the proof."

*State v. Newman*, 179 Or App 1, 7, 39 P3d 874 (2002) (internal quotation marks, citation, and footnote omitted). As the Supreme Court has explained,

"[m]atters of form are matters that are not essential to the charge and are merely clerical matters, such as matters as to which the defendant cannot be misled to his or her prejudice by the amendment. A matter that is essential to show that an offense has been committed is a matter of substance."

*State v. Long*, 320 Or 361, 367 n 9, 885 P2d 696 (1994), *cert den*, 514 US 1087 (1995) (citation omitted).

Our decision in *State v. Woodward*, 187 Or App 233, 66 P3d 556 (2003), is instructive. There, the charging instrument alleged that the defendant had committed theft from Fred Meyer, Inc. However, the proof at trial demonstrated theft from a customer of Fred Meyer. Nonetheless, we concluded that "the variance in proof did not compel the allowance of [the] defendant's motion for judgment of acquittal." *Id.* at 236. We addressed the issue of whether the allegation that the defendant had committed theft of "'the property of FRED MEYER, INC'" was a material element of the crime. *Id.* at 237. We observed that, pursuant to the theft statute, the identity of the person whose property is taken is not material to show that an offense has been committed. It is sufficient that the charging instrument allege that the defendant has taken or withheld another's property. Furthermore, we relied on ORS 135.725, which specifically provides that an erroneous allegation in a charging instrument "as to the person injured or intended to be injured is not material." Accordingly, we concluded that the identity of the victim was not a material element of the offense. *Woodward*, 187 Or App at 238.

Defendant acknowledges that *Woodward* appears to be controlling. However, he asserts that it is distinguishable because he was charged with identity theft rather than theft. We are not persuaded by the distinction that defendant proposes.

Pursuant to ORS 165.800(1), a person "commits the crime of identity theft if the person, with the intent to deceive or to defraud, obtains, possesses, transfers, creates, utters or converts to the person's own use the personal identification of another person." As used in the statute,

"'[a]nother person' means a real person, whether living or deceased, or an imaginary person." ORS 165.800(4)(a). The term "personal identification" as used in the identity theft statute is defined as follows:

"'Personal identification' includes, but is not limited to, any written document or electronic data that does, or purports to, provide information concerning:

"(A) A person's name, address or telephone number;

"(B) A person's driving privileges;

"(C) A person's Social Security number or tax identification number;

"(D) A person's citizenship status or alien identification number;

"(E) A person's employment status, employer or place of employment;

"(F) The identification number assigned to a person by a person's employer;

"(G) The maiden name of a person or a person's mother;

"(H) The identifying number of a person's depository account at a 'financial institution' or 'trust company' as those terms are defined in ORS 706.008, or a credit card account;

"(I) A person's signature or a copy of a person's signature;

"(J) A person's electronic mail name, electronic mail signature, electronic mail address or electronic mail account;

"(K) A person's photograph;

"(L) A person's date of birth; and

"(M) A person's personal identification number."

ORS 165.800(4)(b). All of the items of information listed in the statute specify that they relate to a "person" (*e.g.*, a person's name, a person's date of birth). Thus, as observed by the trial court, by its definition, the term "personal identification" encompasses the requirement that the

information obtained be that of a person. In view of that definition, we agree with the trial court's determination that the naming of ODOT as the victim in this case was surplusage and that the indictment states an offense without that allegation. By alleging that defendant had obtained "personal identification," the indictment, by definition, alleged that defendant obtained information of a person. His assertion to the contrary is unavailing.

Furthermore, pursuant to ORS 135.725, "[w]hen a crime involves the commission of or an attempt to commit a private injury and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured or intended to be injured is not material." As in *Woodward*, under that statute, it is immaterial whose personal identification was obtained by defendant. The indictment sufficiently alleged that he obtained identification of a person, and the identity of that person is not a material element of the offense.

Because we conclude that the identity of the victim is not material to the offense of identity theft, we next turn to the issue of whether, under the facts of this case, defendant was prejudiced by the variance between the allegation in the indictment and the proof at trial. *See Newman*, 179 Or App at 7. The "test is whether the indictment misled the defendant and prejudiced him in the preparation of his defense." *State v. Swanson*, 90 Or App 543, 546, 753 P2d 431 (1988). We have observed that a defendant is not prejudiced by a variance when his defense would have been the same regardless of the difference in proof. *Woodward*, 187 Or App at 240.

Defendant does not assert that the variance in the identification of the victim prejudiced him in the preparation of his defense, and we conclude that it did not. He raised several defenses. As to some of the identity theft charges, he asserted that the state failed to meet its burden of proof that the items at issue were personal identification. Defendant also asserted that "he was covering for his girlfriend at the time he confessed" to taking the items in question and that, without presenting testimony of the victims of the charges, the state could not prove beyond a

reasonable doubt that defendant did not have permission to have the items in question. His theories of defense were not dependent on the identity of the victims; rather, it was his contention that he had not stolen personal identification. Thus, notwithstanding the state's misidentification of the victim of Count 13, defendant suffered no surprise nor was he misled in the preparation of his defense. Accordingly, the trial court did not err in denying defendant's motion for judgment of acquittal on Count 13.[1]

Affirmed.

---

[1] To the extent defendant seeks to raise a separate argument that the court should have granted his motion because "the grand jury did not charge defendant with obtaining the personal information of Mike Beam," we reject that argument without discussion.