Submitted October 5, 2018, affirmed May 6, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DARRELL K. WALKER,
*Defendant-Appellant.*

Douglas County Circuit Court
17CR35861; A166143

466 P3d 689

A sheriff's deputy cited defendant for speeding. In filling out the citation form, the deputy did not write anything in the spot on the form for his printed name. However, the justice court's "Order Setting Hearing," issued more than two weeks before defendant's trial, contained the deputy's name. At the hearing, the justice court found defendant guilty of speeding, and defendant appealed to the circuit court. There, defendant moved to dismiss, arguing that the citation was invalid under ORS 153.045 and ORS 153.051 for failing to include the name of the citing officer. The circuit court found defendant guilty, concluding that other identifying information in the citation fulfilled the requirements of ORS 153.045 and ORS 153.051 and that, alternatively, defendant was not entitled to dismissal because his substantial rights had not been prejudiced. Defendant appeals, contending that the circuit court erred in determining that the citation was not defective and that defendant was not prejudiced. *Held*: The circuit court did not err in denying the motion to dismiss. Although the citation failed to state the name of the issuing officer, that omission, under the circumstances, was a matter of form and defendant had no plausible claim that he had been prejudiced.

Affirmed.

George William Ambrosini, Judge.

Darrell K. Walker filed the briefs *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Carson L. Whitehead, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and DeVore, Judge, and James, Judge.

LAGESEN, P. J.

Affirmed.

**LAGESEN, P. J.**

Although the posted speed limit near I-5's mile marker 142 is 65 miles per hour, defendant drove much faster. This caught the attention of Douglas County Sheriff's Deputy Cutsforth, who clocked defendant at 86 miles per hour. Cutsforth pulled defendant over, defendant had no explanation for his high rate of speed, so Cutsforth cited him for exceeding the posted speed limit in violation of ORS 811.111. The Drain Justice Court found defendant guilty as cited, and, on defendant's appeal to the Douglas County Circuit Court, that court did too. The circuit court rejected defendant's argument that Cutsforth's citation did not state his name, as required by statute, and that that omission required dismissal of the case. Although we disagree with the circuit court that the citation stated Cutsforth's name as required by statute, we conclude that, under the circumstances presented here, that omission did not require dismissal. Accordingly, we affirm.

The facts are not disputed. Defendant drove too fast and Cutsforth cited him for violating ORS 811.111. That statute prohibits, pertinently, driving "a vehicle on an interstate highway *** at a speed greater than 65 miles per hour." Cutsforth used the "Oregon Uniform Citation and Complaint" form, assigning defendant a court date in the Drain Justice Court. In the spot on the form for his signature, Cutsforth wrote in cursive what looks like "KC ttt." In the spot on the form for his printed name, Cutsforth wrote nothing. In the spots for his agency identification number and his identification number, Cutsforth entered the number for the Douglas County Sheriff's Office and the identification number issued to him by Department of Public Safety Standards and Training.

Defendant contacted the court by letter ahead of his scheduled court date, pleaded not guilty, and requested a hearing. At the hearing, both defendant and Cutsforth appeared. The Justice Court found defendant guilty as cited and imposed a $210 fine.

Defendant then appealed to the Douglas County Circuit Court. *See* ORS 153.121(1) (providing for appeals from justice courts in violation cases); ORS 138.057 (setting

forth appeal procedure). The circuit court tried the case anew—as required by ORS 138.057(1)(f)—holding a bench trial about three months after defendant's first trial. At the start, defendant moved to dismiss the citation, asserting that it was invalid under ORS 153.045 and ORS 153.051. He pointed to the fact that ORS 153.045 requires the citation "to include a summons in the form prescribed by ORS 153.051." Defendant then noted that ORS 153.051, in turn, requires that the summons contain the name of the citing officer. He argued that the citation issued by Cutsforth contained only "two letters and a symbol" that did not, in his view, state Cutsforth's name. Pressing his case further, defendant argued, "I go on to say, to wit, upon review of the Citation, without further aids and no prior knowledge, no reasonably literate individual can print, write, pronounce or know the officer's surname and give[n] name." Defendant did not, however, dispute that he had been driving 86 miles per hour at the time he was pulled over and cited or otherwise contest the merits of the charges against him.

The circuit court took the matter under advisement and ultimately denied defendant's motion to dismiss. As it explained in its letter opinion, it did so on two alternative grounds. The court first concluded "that the citations and summons are sufficient, including the identifying information regarding the officer, signature, agency identification, and I.D. number under the requirements of ORS 153.045 and ORS 153.051." Although defendant had not argued about ORS 153.048, the court further observed that "[t]he complaint also appears to fulfill the requirements of ORS 153.048."[1] Second, the court cited ORS 135.715 and alternatively held that any problem with the citation did not require dismissal: "[A]ssuming an insufficiency with respect to the

---

[1] ORS 153.048 provides, in part:

"(1) The complaint in a violation citation must contain at least the following:

"(a) The name of the court, the name of the state or of the city or other public body in whose name the action is brought and the name of the defendant.

"(b) A statement or designation of the violation that can be readily understood by a person making a reasonable effort to do so and the date, time and place at which the violation is alleged to have been committed.

"(c) A certificate under ORS 153.045(5) signed by the enforcement officer."

accusatory instrument, it does not appear that the record supports a showing that the substantial rights of the defendant have been prejudiced." Thereafter, the court entered a judgment finding defendant guilty of violating ORS 811.111 and imposing a $50 fine.

Defendant appeals. He contends that the circuit court erroneously determined that the citation complies with ORS 153.045 and ORS 153.051; on that point, he reiterates his argument that the citation did not include Cutsforth's name, meaning the summons portion of it did not comply with ORS 153.051. He also contends that the court erroneously determined that the complaint complied with ORS 153.048 and that the complaint's deficiency, standing alone, entitled him to dismissal under ORS 153.048(2). Finally, he contends that he was prejudiced by the deficiency in the citation because, he claims, not knowing Cutsforth's identity interfered with his ability to adequately investigate and prepare for trial.

The state responds that the circuit court was correct to conclude that the citation complied with the requirements of ORS 153.045 and ORS 153.051. Although it acknowledges that Cutsforth's signature "was largely illegible," it asserts that the summons portion of the citation contained enough information about Cutsforth to effectively state his name:

> "The trial court correctly concluded that the citation was sufficient. As noted, the citation included Deputy Cutsforth's signature and his state and county identification numbers. Although the signature was largely illegible, a person could readily discover Cutsforth's name through his identification numbers, as Deputy Cutsforth explained at trial. Because the citation contained 'the name of the enforcement officer issuing the citation,' the citation was sufficient under ORS 153.045 and ORS 153.051."

The state contends further that the court correctly concluded that dismissal was not warranted, because defendant was not prejudiced by the omission of Cutsforth's name. Responding to defendant's argument that he was prejudiced because not knowing Cutsforth's identity impaired his ability to prepare for trial, the state notes that, by the time of defendant's circuit court trial *de novo*, defendant was well

aware of Cutsforth's identity, having previously gone to trial in the Justice Court.

In reply, defendant argues that the state had to prove beyond a reasonable doubt that he was not prejudiced by any defect in the citation and that the state did not meet that burden here.

We review for legal error a trial court's determination that an accusatory instrument satisfies statutory requirements. *State v. Marks*, 286 Or App 775, 780, 400 P3d 951 (2017). We also review for legal error the trial court's determination under ORS 135.715 that a defect in an accusatory instrument does not require dismissal of the instrument. *See State v. Costello*, 115 Or App 202, 204, 837 P2d 552 (1992) (so reviewing whether ORS 135.715 barred dismissal of an indictment containing an error).

We start by rejecting as unpreserved defendant's contention that ORS 153.048 required dismissal because the complaint portion of the citation did not comport with that provision. Although the circuit court noted in its letter opinion that the complaint "appeared" to comply with the statute, that is not an issue that defendant raised, the state did not have the opportunity to respond to that argument, and we do not understand the court to have ruled definitively on it.

Turning to the citation's compliance with ORS 153.045 and ORS 153.051, as both parties recognize, ORS 153.045(3)(d) requires a citation to include a "summons in the form prescribed by ORS 153.051." ORS 153.045(3)(d). And as both parties recognize, ORS 153.051 requires a summons to "contain *** the name of the enforcement officer issuing the citation," in addition to other information. ORS 153.051(1). In our view, that requirement is clear and unambiguous: A summons must state the name of the officer issuing the citation. And, in our view, this summons did not do that. Deputy Cutsforth testified at trial that his name was "Kyle Cutsforth" spelled "C-U-T-S-F-O-R-T-H." Whatever information the summons contains, it is not that. No one reading the summons would know that Cutsforth's name is Cutsforth or be able to greet him by name.

The state's argument that the information supplied—the "KC ttt" in the signature line and the two identification numbers—is sufficient because, with that information, "a person could readily discover Cutsforth's name," does not save the day. Accepting that argument would require us to rewrite ORS 153.051(1) to add the italicized wording: "the name of the enforcement officer issuing the citation *or information making that name readily discoverable.*" That is something that we, as a court, cannot do: "In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted[.]" ORS 174.010.

Thus, defendant is correct that the circuit court erred in concluding that the citation complied with ORS 153.045 and ORS 153.051. We agree with the state, however, that the court correctly concluded that ORS 135.715 precluded dismissal based on that defect. ORS 135.715 states that "[n]o accusatory instrument is insufficient, nor can the trial, judgment or other proceedings thereon be affected, by reason of a defect or imperfection in a matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits." Here, the omission of Cutsforth's name from the summons was "a matter of form" that did "not tend to the prejudice of the substantial rights of the defendant upon the merits." Here, the Drain Justice Court's "Order Setting Hearing," issued more than two weeks before defendant's first trial, contained Cutsforth's name. Additionally, as the state points out, having had one trial already before his trial *de novo* in the circuit court—a trial at which Cutsforth appeared—defendant was well aware of Cutsforth's name three months before the trial that led to the judgment that is before us. Under those circumstances, defendant has no plausible claim that he was prejudiced by the omission of Cutsforth's name from the citation and, for that reason, the circuit court correctly denied defendant's motion to dismiss.

Affirmed.