Submitted on record and briefs June 1, convictions affirmed; remanded for resentencing July 5, 2001

# STATE OF OREGON,
## *Respondent,*
### *v.*
# ISMAEL CERVANTES TOLEDO,
## *Appellant.*
### 98-CR-0198-15; A105341
28 P3d 1194

David E. Groom, State Public Defender, and Monica L. Finch, Deputy Public Defender, filed the brief for appellant.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Douglas F. Zier, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

PER CURIAM

## PER CURIAM

Defendant was convicted on multiple charges of assault and other offenses arising out of an incident in which he injured several individuals while driving under the influence of intoxicants. On appeal, he challenges only the sentencing guidelines departure sentence imposed on one count of third-degree assault, ORS 163.165, asserting that the trial court erroneously found several factors to support a departure sentence. The state agrees that at least one of the departure factors relied upon by the court was not justified and that the case should be remanded for resentencing.

■■ One of the departure factors relied on by the court was "use of a weapon in the commission of the offense." OAR 213-008-0002(1)(b)(E). However, one of the elements of the offense was that it was committed "by means of a deadly or dangerous weapon." Factual aspects of a crime that constitute elements of the crime generally may not be used as aggravating factors as well, "unless the aspect is 'significantly different from the usual criminal conduct captured by the aspect of the crime.' " *State v. Guthrie*, 112 Or App 102, 106, 828 P2d 432 (1992), *quoting* OAR 213-008-0002(2). The court made no finding that the "use of a weapon" aspect of this crime was significantly different from the usual criminal conduct captured by the aspect of the crime. Accordingly, the court erred in relying on this factor in support of departure. Although the court found more than one factor in support of departure, it did not find that any of the factors independently would support departure. Therefore, resentencing is required.

Convictions affirmed; remanded for resentencing.