Argued and submitted January 29, convictions affirmed; remanded for
resentencing February 25, 2004

# STATE OF OREGON,
*Respondent,*

*v.*

# ESTEBAN LUZ MORALES,
*Appellant.*

01C-53774; A119510

84 P3d 1127

Louis R. Miles, Deputy Public Defender, argued the cause
for appellant. With him on the brief was Peter A. Ozanne,
Executive Director, Office of Public Defense Services.

Doug M. Petrina, Assistant Attorney General, argued the
cause for respondent. With him on the brief were Hardy
Myers, Attorney General, and Mary H. Williams, Solicitor
General.

Before Haselton, Presiding Judge, and Linder and
Ortega, Judges.

ORTEGA, J.

**ORTEGA, J.**

Defendant appeals from a judgment of conviction on two counts of attempted aggravated murder, arguing that the trial court erred in imposing a departure sentence of 230 months on one of those convictions. The trial court based its decision to impose an upward departure sentence on its findings of seven aggravating factors. Defendant challenges each of those factors. The state concedes that the trial court erred in concluding that defendant's status as a "two-state offender" could serve as an aggravating factor under the circumstances presented here. As explained below, we find the state's concession to be well founded, and we accept it. Because that error requires resentencing, we need not reach defendant's remaining nonconstitutional challenges to the other aggravating factors. Defendant's constitutional argument is unpreserved, is not error apparent on the face of the record, and lacks merit under *State v. Dilts*, 336 Or 158, 82 P3d 593 (2003).

The trial court found defendant to be a "two-state offender" based on the fact that defendant had a juvenile adjudication for felony drug possession in the State of Washington. In light of the fact that defendant's criminal history is taken into account in determining his placement on the sentencing guidelines grid, and given that the trial court offered no rationale as to why the commission of offenses in different states is qualitatively different—and worse—than the commission of multiple offenses in the same state, we agree with the parties that the use of "two-state offender" as an aggravating factor was not appropriate. The trial court did not find that any of the other aggravating factors alone would justify the imposition of a departure sentence. Therefore, resentencing is required. *See generally State v. Toledo*, 175 Or App 280, 281, 38 P3d 1194 (2001).

Convictions affirmed; remanded for resentencing.