Argued and submitted December 22, 2009, reversed and remanded for
resentencing; otherwise affirmed July 28, 2010

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CRAIG LEE BOITZ,
*Defendant-Appellant.*

Washington County Circuit Court
C080467CR; A138799

236 P3d 766

Joshua B. Crowther, Senior Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Appellate Division, Office of Public Defense Services.

Craig L. Boitz filed the brief *pro se*.

Doug M. Petrina, Senior Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Wollheim, Presiding Judge, and Brewer, Chief Judge, and Sercombe, Judge.*

WOLLHEIM, P. J.

---

* Brewer, C. J., *vice* Edmonds, P. J.

## WOLLHEIM, P. J.

Defendant challenges the trial court's imposition of a departure sentence on his conviction of first-degree burglary.[1] ORS 164.225. The trial court found substantial and compelling reasons to impose the departure sentence based on its finding of two enhancement facts: (1) that prior criminal sanctions failed to deter defendant from reoffending; and (2) that defendant committed this offense while on release status from pending criminal charges. We remand for resentencing.

The relevant facts are undisputed. The indictment in this case alleged that defendant committed first-degree burglary and other crimes on September 16, 2007. On that date, defendant was on probation for convictions on numerous misdemeanors and one felony, but did not face any other pending criminal charges. The jury found defendant guilty of first-degree burglary and one additional offense.

Pursuant to ORS 136.765, the state provided defendant notice of its intent to seek findings of two sentence enhancement facts: (1) "That prior criminal justice system sanctions have not deterred the defendant from reoffending"; and (2) "That defendant committed this offense while on release status from other pending criminal charges." Defendant waived his right to have a jury to decide whether the state proved those facts. At the sentencing hearing, he raised constitutional objections to the first allegation and moved for dismissal of the second allegation due to the insufficiency of the evidence. With respect to the second allegation, defendant argued that the state had not "presented any evidence that [defendant] was on release status at the time of this offense" or that defendant had "pending criminal charges."

The trial court rejected respondent's constitutional challenge to the first allegation and found that the evidence was sufficient to support the second. With regard to the second allegation, the court explained, "these offenses were

---

[1] The court imposed a departure sentence with a 42-month term of incarceration. The court had determined, based on defendant's criminal history and the crime severity classification of his offense, that the presumptive sentence would have been a 21- to 22-month term of incarceration.

committed while he was on probation, out in the community and had these probations still in existence or still pending." The court then imposed a departure sentence "based on those findings." The court did not make any finding that either enhancement fact, on its own, would be sufficient to support the departure sentence.

On appeal, defendant renews his arguments from trial.[2] For the reasons set forth in *State v. Gallegos*, 217 Or App 248, 174 P3d 1086 (2007), *rev den*, 344 Or 670 (2008), we conclude that the trial court correctly rejected the constitutional challenge. We therefore turn to the sufficiency of the evidence question. *See State v. Morales*, 192 Or App 355, 357, 84 P3d 1127 (2004) (where trial court erred in finding one enhancement fact and did not find that any other particular enhancement fact independently supports the departure sentence, the case must be remanded for resentencing); *State v. Toledo*, 175 Or App 280, 281, 28 P3d 1194 (2001) (same).

■ The dispositive issue is whether the state proved that defendant committed the underlying crimes while on release from "pending criminal charges." As noted above, at the time that defendant committed the underlying crimes, he was on probation for his convictions on other offenses; there was no evidence that he faced any additional charges. Defendant's argument is simply that his probationary status did not constitute evidence that he "was facing a *pending* criminal charge." (Emphasis in original.) The state argues that the trial court correctly determined that defendant's probationary status established that defendant was on release status from pending criminal charges. In addition, the state argues that, even if proof that defendant was on probation is not proof that he was on release from "pending criminal charges," that variance was "not a material aspect of the allegation and was surplusage."

The state is required by ORS 136.765 to provide written notice that it intends to rely on a sentencing enhancement fact:

---

[2] Defendant has also raised additional *pro se* assignments of error, which we reject without discussion.

"In order to rely on an enhancement fact to increase the sentence that may be imposed in a criminal proceeding, the state shall notify the defendant of its intention to rely on the enhancement fact by:

"(1) Pleading the enhancement fact in the accusatory instrument; or

"(2) Within a reasonable time after filing the accusatory instrument, providing written notice to the defendant of the enhancement fact and the state's intention to rely on it."

The state's written notice provided defendant with notice of an enhancement fact that alleged that defendant committed the crimes while he was on release from "pending criminal charges." We agree with defendant that proof that he was on probation is not proof that he was on release from "pending criminal charges." The plain meaning of the term "charge" is "an accusation of a wrong or offense : ALLEGATION, INDICT-MENT ‹arrested on the [*charge*] of bribery›." *Webster's Third New Int'l Dictionary* 377 (unabridged ed 2002). At the time that defendant committed the underlying crimes, he had already been found guilty on each of the prior criminal allegations against him and judgments of convictions had been imposed on those offenses. Although those criminal *cases* remained open for purposes of enforcing the probationary conditions, there were no criminal *charges* pending. Consequently, the state did not prove the enhancement fact as alleged in its notice.

We turn to the state's argument that the portion of the allegation that defendant was on release from "pending criminal charges" was mere surplusage and that any variance from the exact words contained in the notice was permissible. The state argues that, "[a]lthough the 'allegation' here involved a sentence-enhancement 'written notice,' rather than an 'accusatory instrument,' the same variance principles apply." Thus, according to the state, the permissibility of the variance between the state's allegation in its enhancement fact notice and the evidence at the sentencing hearing should be assessed through a two-part test:

"First, a court examines whether the variance between an allegation and proof concerns an allegation of a material

element of the crime. [*State v.*] *Long*, 320 Or [361,] 368, 369, [885 P2d 696 (1994), *cert den*, 514 US 1087 (1995)]. Second, if the allegation does not concern a material element of the crime, the court determines whether 'on the facts of the particular case, the defendant had suffered prejudice to his defense by' the variance between the allegation and the proof. *Id.*"

*State v. Newman*, 179 Or App 1, 7, 39 P3d 874 (2002) (footnotes omitted). In applying that test, the state argues that its notice of the second enhancement fact would, even after excising the phrase "pending criminal charges," identify an enhancement fact that would allow the imposition of a departure sentence. In addition, the state argues that its first sentencing enhancement fact allegation placed defendant on notice that his probationary status was at issue in the sentencing hearing.

The state's argument presents an issue of first impression: whether a trial court could permissibly find a sentencing enhancement fact that varies in some manner from the enhancement fact alleged in the state's notice pursuant to ORS 136.765. We observe that ORS 136.765 serves to provide a defendant with notice that the state seeks to prove "a fact that is constitutionally required to be found by a jury in order to increase the sentence that may be imposed." ORS 136.760(2); *see also State v. Upton*, 339 Or 673, 681-82, 125 P3d 713 (2005) (ORS 136.765 provides a procedural mechanism to comply with the issues addressed in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004)). A defendant may waive the right to a jury trial on the enhancement fact allegation by electing to have the allegation tried to the court. ORS 136.770(1)(b)(B); ORS 136.773(1)(b).

A defendant's decision whether to elect to have a jury or the court determine the facts alleged in the state's sentencing enhancement fact notice implicates similar concerns as those confronted by a defendant deciding whether to have a jury or the trial court determine the facts alleged in an accusatory instrument. We therefore conclude that any variance between the allegations in the sentencing enhancement fact notice and the proof at sentencing may be permissible only if it satisfies the test described in *Newman*.

 Under that test, the variance here is not permissible. We need not decide whether the phrase "pending criminal charges" is material to the state's allegation of a sentencing enhancement fact because, even if the state is correct that the phrase does not relate to a "material element" of the sentencing enhancement fact, the second prong of the test—whether the variance between the allegation and the proof caused prejudice to defendant's defense of this case—controls the outcome of this case. Whether a variance is *prejudicial* depends on the specific *theories* under which a case is argued. *State v. Woodward*, 187 Or App 233, 239, 66 P3d 556 (2003) (quoting *State v. Wilcox*, 110 Or App 490, 495-96, 823 P2d 1009 (1992)). Specifically, where an amendment would require a defendant to develop a different argument, the amendment is prejudicial to defendant. *Wilcox*, 110 Or App at 496 (an amendment requiring a defendant to defend against a different theory is impermissible); *cf. Woodward*, 187 Or App at 240 (affirming conviction where the "defendant was able to, and in fact did, develop exactly the same defense" as she should have if the information had been amended).

Here, defendant defended against the second enhancement fact on the theory that he did not commit this offense while criminal *charges* were pending. Accordingly, because defendant believed that he could defeat the second enhancement fact on that theory, the amendment of the notice to excise that phrase would have required defendant to develop a different theory to refute that enhancement fact. Thus, such an amendment would have been prejudicial in this case.

The fact that defendant had notice that his probationary status was at issue under the first enhancement fact is immaterial to our conclusion. The issue is not whether defendant could have presented alternative theories to defeat a different enhancement fact; the issue is whether defendant would be prejudiced by a finding that differed from the language in the notice.

Because defendant would have been so prejudiced and there was evidence to support it, the trial court erred in finding that fact.

Reversed and remanded for resentencing; otherwise affirmed.