278 July 30, 2025 No. 677

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JESSE LEON JOHNSON,
*Defendant-Appellant.*

Lane County Circuit Court
21CR37036; A179635

R. Curtis Conover, Judge.

Argued and submitted February 26, 2024.

Stacy M. Du Clos, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Reversed and remanded.

**HELLMAN, J.**

Defendant appeals a judgment of conviction for felon in possession of a firearm (FIP), ORS 166.270(1). On appeal, defendant argues that the trial court erred in its pretrial ruling and instruction to the jury that defendant could be convicted of FIP based on evidence that differed from the evidence on which the grand jury based its indictment. Defendant argues that the variance between the indictment and the proof offered by the state at trial was impermissible because it required him to defend against a different theory of the case and allowed the state to obtain a conviction based on a factual theory that was never presented to the grand jury. The state contends that defendant failed to preserve his arguments and that he invited any error. As explained below, we conclude that defendant adequately preserved his objection to the variance and did not invite the error. We further conclude that the variance violated defendant's right under Article VII (Amended), section 5(3), of the Oregon Constitution to be tried on the same factual theory on which the grand jury based its indictment. Finally, we conclude that the constitutional violation was not harmless. Accordingly, we reverse and remand.

## I.   STANDARD OF REVIEW

Whether a variance between a charging instrument and the state's proof at trial is permissible is a question of law, which we review for legal error. *State v. Samuel*, 289 Or App 618, 626-27, 410 P3d 275 (2017), *rev den*, 363 Or 104 (2018).

## II.   FACTS AND TRIAL COURT PROCEDURAL HISTORY

Defendant was the passenger in a vehicle that police pursued on July 31, 2021. Officers pursued the vehicle in a high-speed chase for approximately 50 miles before successfully stopping it and arresting defendant and the driver. During the chase, a pedestrian on Crescent Avenue saw the vehicle pass by and heard a sound "like a piece of metal hitting the ground." The pedestrian searched the area and found a firearm, holster, and magazine, which he turned over to law enforcement. The state presented that evidence to the grand jury, and defendant was indicted for FIP.

During the discovery process, the state made defendant aware of additional evidence that it intended to offer at trial that was based on an event that occurred in the Pleasant Hill area on July 23, 2021. The evidence included witness testimony describing a vehicle, in which defendant was a passenger, that was pursuing a second vehicle. Both vehicles drove to a dead-end road, and video evidence showed defendant exit the passenger side of the vehicle with what appeared to be a firearm in his hand. After defendant ran out of view of the camera, witnesses heard multiple gun shots before both cars drove away. Law enforcement found shell casings in the area that were later matched through ballistics testing to the firearm found on Crescent Avenue.

Defendant filed a motion *in limine* to exclude the evidence related to the Pleasant Hill incident. The trial court rejected defendant's arguments and, following the presentation of evidence, instructed the jury that it could convict defendant of FIP based on either the Crescent Avenue or Pleasant Hill incident,[1] so long as its verdict was unanimous as to which of the two incidents constituted the act. The jury convicted defendant.[2]

### III.   APPELLATE PROCEEDINGS

On appeal, defendant assigns error to the trial court's denial of his pretrial motion and the court's instruction that the jury could base its guilty verdict on either incident. In a combined argument, defendant contends that the Pleasant Hill evidence provided a separate factual theory on which to convict him and that those facts were never presented to the grand jury. Defendant argues that that factual difference amounts to an impermissible variance between the evidence presented to the grand jury and the evidence presented at trial.

---

[1] The parties and the trial court referred to the different incidents based on their respective dates (July 23 and July 31). Referring to the incidents based on their dates suggests that the issue on appeal can be addressed by holding that a date is not a material element of the charge. *See, e.g.*, *State v. Haji*, 366 Or 384, 411, 462 P3d 1240 (2020) (recognizing that "time is not a material element of most offenses"). But the issue cannot be resolved in that manner. That analysis is not relevant to the issue presented on appeal, which is whether defendant was tried and convicted for acts that were not presented to the grand jury. To emphasize that the case involves two distinct acts, we refer to them by their respective locations.

[2] Neither party requested a jury poll, so the record does not reflect the incident on which the jury based its guilty verdict.

The state does not respond to the merits of defendant's variance arguments. Instead, the state contends that defendant's arguments are unpreserved and that, in any case, he invited any error by agreeing to the jury instruction that allowed the jury to return a guilty verdict based on either incident.

## IV. ANALYSIS

We begin by addressing the state's procedural arguments and then explain our conclusions that defendant adequately preserved his argument and that he did not invite the error.

A. *Defendant preserved his argument.*

Defendant based his written motion *in limine* that sought to exclude the Pleasant Hill evidence on evidentiary rules of admissibility. Specifically, he argued that the Pleasant Hill evidence constituted "other bad act evidence" and that "any uncharged acts of firearm possession" should be excluded under OEC 403 and OEC 404. In arguing that motion to the trial court, however, defendant expanded his argument to include contentions that the court should exclude the evidence because it was never presented to the grand jury. Specifically, defense counsel argued:

> "I suppose I'll also say, your Honor, that's what the Grand Jury was tasked with deciding. That was the testimony presented to the Grand Jury was evidence of what happened on the [Crescent Avenue incident]. I don't believe the Grand Jury was ever presented any evidence of the [Pleasant Hill incident], or anything to do with that—that particular side of the case in indicting [defendant]. That's what they came up with.

> "So, had the State wanted to indict him as on or between, or had indicted him on both dates, I suppose we'd have a merger argument then, but I think they could have indicted him on both days, if they'd so chose, and they didn't.

> "* * * * *

> "And I don't want to get into a trial of, you know who shot at who, what their—or what happened, what were the facts, the circumstances around that issue, and I don't want the jury to be left wondering about that because I

think that's—that's terribly prejudicial for [defendant] to have them wondering about that. And I don't want them deciding the issue of his possession of the firearm on the [Crescent Avenue incident] by un-alleged actions on the [Pleasant Hill incident], if that makes sense."

In response, the state argued that the Pleasant Hill evidence was admissible for several reasons, including that it was probative circumstantial evidence supporting the Crescent Avenue evidence, and that the indictment charged defendant with FIP "on or about" July 31, which encompassed the Pleasant Hill incident on July 23. As to defendant's argument that the grand jury had not been presented with the Pleasant Hill evidence, the state argued that it "could prove that [defendant] was in possession on both of those dates" and that it was "not bound by what the Grand Jury considered in our presentation of evidence today."

The court admitted the evidence, agreeing with the state's argument that the Pleasant Hill evidence was probative as to whether defendant committed FIP. It explained that FIP is a "continuing offense" and that, because the indictment alleged the offense was committed "on or about" July 31, the Pleasant Hill evidence was probative as to whether he committed FIP during the Crescent Avenue chase.

We conclude that defendant's arguments, including those quoted above, sufficiently preserved the challenge he makes on appeal. Below, the state had a chance to, and indeed did, respond to those arguments by contending that it was "not bound by what the Grand Jury considered." Accordingly, the trial court had "the chance to consider and rule on [defendant's] contention," and the preservation requirements were met. *Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008); *see also State v. Quebrado*, 372 Or 301, 310, 549 P3d 524 (2024) ("At its core, preservation asks whether the parties, and the trial court, had a fair opportunity to meet the merits of the argument later advanced on appeal and thereby avoid the error at the outset or to correct the error upon its occurrence.").

B.  *Defendant did not invite the error.*

We are also unpersuaded by the state's argument that defendant invited the error by agreeing to a concurrence

instruction that allowed the jury to base its verdict on either incident. Defendant objected to the Pleasant Hill evidence before trial. After the court ruled against defendant's objection, that ruling became the "law of the trial." *McCathern v. Toyota Motor Corp.*, 332 Or 59, 69-70, 23 P3d 320 (2001) (when a trial court overrules a party's objection to evidence, the party is entitled to treat the ruling as the law of the trial and to explain or rebut the evidence without waiving its evidentiary objection on appeal).

Once the trial court ruled against defendant's objections, he was entitled to strategically counter that evidence without waiving his initial objection. Defendant did so by moving the court to require the state to elect its FIP theory as occurring during either one of the two separate incidents. The state responded that it was not required to elect a theory and, after an off-the-record discussion between the parties, the court provided a concurrence instruction allowing the jury to find defendant guilty of FIP on either the Crescent Avenue incident or the Pleasant Hill incident, so long as it did so unanimously. Because defendant had already objected on the ground that the Pleasant Hill evidence had not been presented to the grand jury, and the court had ruled against him, he was not required to renew that objection. *See State v. Walker*, 350 Or 540, 550, 258 P3d 1228 (2011) (explaining that once a court has made a ruling, "a party is generally not obligated to renew his or her contentions in order to preserve them for the purposes of appeal"). Accordingly, defendant did not waive his appellate challenge to that ruling, and we turn to the merits.

C.  *The trial court's rulings violated defendant's grand jury rights under Article VII (Amended), section 5(3), of the Oregon Constitution.*

Under Article VII (Amended), section 5(3), a person charged with a crime punishable as a felony has a right to indictment by grand jury.[3] That right ensures that "the

---

[3] Article VII (Amended), section 5(3), provides: "Except as provided in subsections (4) and (5) of this section, a person shall be charged in a circuit court with the commission of any crime punishable as a felony only on indictment by a grand jury."

grand jury, not the prosecutor" "determine[s] whether a particular charge should be brought" and that "the charge presented against a defendant was based on facts found by the grand jury." *State v. Long*, 320 Or 361, 370, 885 P2d 696 (1994) (citation and internal quotation marks omitted). That right may be violated when the state's allegations in the indictment, which must be based on facts presented to the grand jury, differ from the proof that the state offers at trial. *State v. Benton*, 317 Or App 384, 399, 505 P3d 975 (2022), *aff'd*, 371 Or 311, 534 P3d 724 (2023). In legal terms, we have described that difference as a "variance." *Id*.

When a defendant alleges a variance, we consider three questions to determine whether the variance was permissible.[4] The first question is whether the variance concerns a material element of the crime. *Samuel*, 289 Or App at 627. If it does, the variance is impermissible. *Id*. The second question is whether "the defendant suffered prejudice to [their] defense" because of the variance. *Id*. (quoting *State v. Newman*, 179 Or App 1, 7, 39 P3d 874 (2002)). A defendant suffers prejudice to their defense when the variance requires them to defend against a different theory of the case or develop a different argument. *State v. Boitz*, 236 Or App 350, 356, 236 P3d 766 (2010). Such a variance is also impermissible. *Id*. The third question, which we have previously described as a "final consideration," is "whether the defendant was, in fact, tried on the offense that was indicted by the grand jury." *Benton*, 317 Or App at 399; *see also Long*, 320 Or at 370 n 13 ("Defendant has the constitutional right to be tried only for the specific criminal act as to which the grand jury handed down the indictment."). The variance is impermissible if the state cannot meet its burden to show that it tried its case based on facts that were presented

---

[4] We have previously described our variance analysis as one in which we "consider two factors," *Samuel*, 289 Or App at 627, or involving a "two-part test." *State v. Stavenjord*, 290 Or App 669, 672, 415 P3d 1143, *rev den*, 363 Or 481 (2018). Those two factors or parts are whether the variance concerns a material element and whether the variance prejudiced defendant's defense by requiring him to defend against a new theory of the case. However, our law makes clear that there is always a "final consideration" in a variance analysis, which is whether defendant was in fact tried for conduct that was presented to the grand jury. *Benton*, 317 Or App at 404. Because two "factor[s]" or "part[s]" plus a final consideration equals three inquiries, we have chosen to describe our analysis here as "consider[ing] three questions."

to the grand jury. *Samuel*, 289 Or App at 631-32; *see also Benton*, 317 Or App at 399 (recognizing that "the state has the burden to show that the factual theory on which the grand jury based the indictment was the same one on which the state tried its case"). Any one of the three considerations are sufficient, on their own, to conclude that the variance is impermissible. That is, if a variance concerns a material element *or* prejudices a defendant's defense *or* if the state fails to show that its prosecution is based on facts presented to the grand jury, the variance is impermissible. *Samuel*, 289 Or App at 627, 631-32.

Here, the trial court explicitly allowed the jury to base its guilty verdict on the Pleasant Hill evidence. Although the trial court stated that the evidence was admissible because FIP is a "continuing offense"[5] and therefore probative as to whether defendant possessed a firearm "on or about" July 31,[6] the trial court did not limit consideration of the Pleasant Hill evidence for that purpose. Instead, the trial court permitted the jury to convict defendant for the Pleasant Hill conduct alone.

The state did not present evidence to the grand jury about defendant's alleged acts in Pleasant Hill. Rather, the state only presented evidence concerning the Crescent Avenue incident, including that: (1) defendant was the passenger in a vehicle fleeing the police; (2) a pedestrian walking on Crescent Avenue saw the pursuit and heard a noise like "metal hitting the ground" as defendant's vehicle passed by; and (3) the pedestrian discovered a firearm along the roadside where the vehicle passed. The indictment reflects that the only witnesses who testified to the grand jury were those who witnessed or were involved in the Crescent Avenue chase.

At trial, however, the state presented video evidence of defendant exiting a vehicle at a dead-end road in the Pleasant Hill area with what it argued was a firearm in his hand; the state called witnesses who heard gunshots

---

[5] *See State v. Nunes*, 268 Or App 299, 306, 341 P3d 224 (2014) (explaining that, for purposes of merger, FIP is a "continuing offense").

[6] "On or about" language in an indictment does not override the constitutional protections of Article VII (Amended), section 5(3).

at that location and time; and the state presented evidence from law enforcement officials who later found shell casings at that location. The state failed to establish that any of that evidence was presented to the grand jury. Indeed, the state took the position that, in trying its case, it was "not bound by what the Grand Jury considered." The state has not met its burden on this record.[7]

Because we conclude that defendant's constitutional rights were violated, we turn to whether the error was harmless. "Under Article VII (Amended), section 3, of the Oregon Constitution, we must affirm a judgment despite error if there is 'little likelihood that the particular error affected the verdict.'" *State v. Roberts*, 340 Or App 220, 229, 570 P3d 279 (2025) (quoting *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003)). Here, because neither party requested a jury poll, we do not know whether the jury voted to convict defendant for the Pleasant Hill incident. But given the comparative strength of the state's evidence of that incident, including a video of defendant exiting a vehicle with what the state argued was a firearm, we conclude that there is a strong possibility that the jury based defendant's guilt on a factual incident that was never presented to the grand jury. Indeed, the prosecutor relied on the video of the Pleasant Hill incident throughout his closing argument. *See State v. Bowman*, 373 Or 213, 236-37, 564 P3d 121 (2025) ("[T]he prosecution's explicit reliance on [the erroneously admitted evidence] in closing argument, persuades us that the prosecutor *** believed the evidence was important to proving the case."). We thus conclude that there was more than "little likelihood" that the constitutional error in this case affected the verdict.

Because the jury was permitted to convict defendant for acts that were not presented to the grand jury, there was an impermissible variance in defendant's case. That variance violated defendant's Article VII (Amended),

---

[7] On appeal, defendant argues that the variance was impermissible both because he "suffered prejudice to his defense" and because it violated his constitutional right to be tried on the specific act for which he was indicted by the grand jury. Because the state did not carry its burden of proving that defendant was tried on the same factual theory upon which the grand jury based its indictment, we do not consider whether the variance prejudiced his defense.

section 5(3), right to have a grand jury determine whether a charge should be brought. On this record, the error was not harmless. Accordingly, we reverse and remand. Should the state decide to retry defendant for the Crescent Avenue incident, defendant can raise any and all objections to retrial, including those grounded in double jeopardy, at that time.

Reversed and remanded.