No. 454 May 28, 2026 1

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RICARDO DALE DEPAS, JR.,
*Defendant-Appellant.*

Linn County Circuit Court
21CR46257; A184841

Thomas McHill, Judge.

Argued and submitted April 7, 2026.

Andrew D. Robinson, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission. Ricardo Depas filed the supplemental briefs *pro se.*

Peenesh Shah, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Interim Deputy Attorney General.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Defendant appeals from convictions for first-degree sodomy, ORS 163.405, and third-degree sexual abuse, ORS 163.415, following a bench trial. He raises three assignments of error through counsel and one *pro se* assignment of error. In his first assignment of error, defendant challenges the trial court's denial of his motion to sever charges. In his second and third assignments of error, he contends that the trial court erred in permitting the state, mid-trial, to amend the indictment to expand the date range of the charged offenses and allowing conviction on offenses occurring in the expanded timeframe. In his *pro se* supplemental brief, defendant argues that the trial court erred in excluding character evidence regarding the truthfulness of a witness.

Having determined that defendant was not substantially prejudiced by joinder of the charges, we conclude that the trial court did not err in denying defendant's motion to sever. We also conclude that the trial court did not err in allowing the state to amend the alleged timeframe of the initial indictment and convicting on the amended timeframe because the amendment was a matter of form and not substance. Defendant's *pro se* assignment of error is unpreserved. Therefore, we affirm.

## I.   BACKGROUND

We take the historical facts from the record before the trial court at the time of defendant's motion to sever. *State v. Hernandez-Esteban*, 374 Or 300, 303, 577 P3d 761 (2025). The state's case concerned three specific incidents involving victims A and N during a period, from March through July 2020, in which they and their family resided with defendant. The charges stemming from those events were joined in a single indictment pursuant to ORS 132.560(1)(b). The charges were as follows: (1) that defendant committed first-degree sodomy by "engag[ing] in oral sexual intercourse" with nine-year-old A "in a bedroom;" (2) that defendant attempted first-degree sodomy with A in a garage or shed; and (3) that defendant committed third-degree sexual abuse by making sexual contact with fifteen-year-old N's "upper thigh/inner thigh area" in an upstairs living room.

Defendant moved to sever the sodomy counts from the sexual abuse count on the grounds that their joinder created substantial prejudice to defendant, primarily arguing that the disparity between the severity of the charges created the risk that a jury would draw improper inferences from the first two counts when considering the third. Defendant also argued that the two victims were essentially vouching for one another and that the older victim's testimony would be more credible than the younger victim's testimony, as the younger victim was developmentally disabled. Lastly, defendant argued that he would testify at trial for Counts 1 and 2 but would choose not to testify at trial for Count 3, and that joinder would open the door for cross-examination about Count 3 if he were to testify about the first two. The trial court denied defendant's motion. Defendant subsequently waived jury and was tried to the court.

The indictment originally alleged that the charged conduct occurred in May 2020. During the trial, the state moved to amend the indictment to expand the date range from "May 1, 2020 to May 31, 2020" for Counts 1 and 2 and "May 1, 2020 to May 21, 2020" for Count 3 to "March of 2020 to July 2020" for all three counts. The amendment did not make changes to the alleged conduct or add any new allegations. The trial court allowed the amendment over defendant's objection, concluding that the dates were not a material element and that defendant was not substantially prejudiced. The trial court found defendant guilty on Counts 1 and 3 and acquitted him on Count 2.

## II.   DISCUSSION

### A.   *First Assignment of Error: Severance*

On appeal, defendant first contends that the trial court erred in denying his motion to sever the charges concerning each of the victims because joinder substantially prejudiced him. In support of his argument, defendant argues that a jury would have been very likely to draw and rely on improper propensity inferences from the sodomy allegations when considering the sexual abuse allegation and that a disparity in the credibility of the witnesses would impact the jury's consideration of the sodomy allegations.

Because N is older and A has a developmental disability, and because A only reported after N reported, defendant argues that N's testimony about the sexual abuse allegations would unduly influence the jury's consideration of the sodomy allegations.

The state responds that the trial court did not err because defendant did not establish case-specific prejudice substantial enough to require severance. The state further contends that defendant did not preserve his additional arguments regarding the potential for a jury to perceive a disparity between the credibility of the two victims' testimony. Finding that argument in defendant's written motion to sever, we conclude that it is preserved. Finally, the state argues that even if defendant established substantial prejudice, the trial court offered mitigating measures and any error was harmless in the context of a bench trial.

We review for legal error whether the facts in defendant's motion to sever, supported by the record before the trial court at the time of the motion, show the existence of substantial prejudice. *Hernandez-Estaban*, 374 Or at 314; *State v. Ross*, 336 Or App 428, 436, 561 P3d 141 (2024), *rev den*, 373 Or 444 (2025). If defendant establishes that joinder did create substantial prejudice, we review the form of relief granted by the trial court for abuse of discretion. *Hernandez-Estaban*, 374 Or at 314.

Under ORS 132.560, two or more offenses may be charged in the same instrument, under separate counts, if they are alleged to have been committed by the same person and are "[o]f the same or similar character," are "based on the same act or transaction," or are "[b]ased on two or more acts *** connected together or constituting parts of a common scheme or plan." ORS 132.560(1)(b)(A) - (C). The charges in this case were joined on all three bases.[1]

---

[1] Defendant did not move to challenge joinder and, therefore—though he presented the trial court with arguments for why joinder was improper—only his motion to sever the joined charges is at issue on appeal. However, as noted below, the state's reasons for joinder are relevant to the substantial prejudice analysis when considering motions to sever. *See Hernandez-Estaban*, 374 Or at 314, 318 (describing motions to challenge joinder and motions to sever as distinct and including the state's reasons for joinder as relevant to the substantial prejudice inquiry).

A defendant may move to sever joined offenses and, in so doing, must show, based on the record, that they are "substantially prejudiced by a joinder of offenses." ORS 132.560(3). Under that statute, defendants must "identify a case-specific theory of substantial prejudice," that is, "the kind of potential injury or harm that threatens the defendant's interest in a fair trial." *Hernandez-Esteban*, 374 Or at 302, 314; *see also Delaney*, 370 Or 554, 556, 522 P3d 855 (2022) (describing substantial prejudice as beyond that which is inherent to a jury deciding whether a defendant may have committed separate offenses or other bad acts). When a defendant makes such a showing, "a trial court is required to craft some remedy," whether by granting severance or crafting some other remedy "sufficient to reduce [prejudice] to the level of prejudice inherent" to joinder. *Hernandez-Estaban*, 374 Or at 302; ORS 132.560(3) (if it appears the defendant is substantially prejudiced, "the court may order an election or separate trials of counts or provide whatever other relief justice requires").

Whether a defendant is substantially prejudiced by joinder as a matter of law is a case-specific, circumstance-dependent inquiry. *Delaney*, 370 Or at 566. The defendant's theory of prejudice must be grounded in the facts of the case and must have been "fairly presented by the record before the trial court at the time of the motion to sever." *Hernandez-Estaban*, 374 Or at 316. The theory must be based on something more than the fact that charges are unrelated offenses or solely on the basis that evidence will be introduced that would not be cross-admissible in separate trials. *Delaney*, 370 Or at 367. Some recognized theories of substantial prejudice include risks "(1) that the jury will confuse or cumulate the evidence; (2) that the defendant may be confounded in presenting conflicting defenses; and (3) that the jury will conclude that the defendant is guilty of one crime and therefore guilty of others." *Hernandez-Estaban*, 374 Or at 318.

Additionally, potential prejudice to the defendant is weighed against "the traditional justifications for joinder," including efficiency and judicial economy, and "the state's proffered reason for seeking joinder." *Id.* at 318-19 ("[A]lthough joinder and severance are distinct, *** the state's proffered

reason for seeking joinder may affect both the estimation of the quantum of prejudice and the ultimate determination whether that prejudice rises to the substantial threshold"); *see also United States v. Halper*, 590 F2d 422, 428 (2d Cir 1978) ("The trial court must also take into account the implicit, and often conflicting, policies \*\*\* [such as] the promotion of the economical and efficient administration of criminal justice by the avoidance of needless multiple trials and the protection of criminal defendants from the unfair prejudice that may be caused by the joining of indictments."). When joinder is based solely on offenses being "of same or similar character," the risk of prejudice is higher than when joinder is based on offenses resulting from the same act or connected acts constituting a common scheme or plan. *Hernandez-Estaban,* 374 Or at 319-20.

In *Hernandez-Estaban*, the Oregon Supreme Court recently determined that the defendant established a case-specific theory of substantial prejudice that was "principally grounded in the differences in the nature of the charged conduct[,] \*\*\* the disparities in the quality of proof for the alleged conduct[,] \*\*\* and the resulting concern that the jury would improperly use the evidence" regarding one victim when considering charges involving the other. *Id.* at 320. That case involved allegations related to two separate victims. *Id.* at 303-04. As to one victim, the defendant had allegedly committed first-degree sexual abuse by engaging in overtly sexual contact with the victim "over a four-year period and on an almost-nightly basis." *Id.* at 304. In contrast, the defendant was alleged to have once kissed the other victim on the lips and another time to have hugged her from behind. *Id.*

The defendant argued that the charges were substantially different but that each required proof that defendant knowingly subjected the victim to "sexual contact." *Id.* at 320-21. He further argued that the alleged victim of the lesser charges was a less-credible witness and the proof that the contact was sexual in nature was weaker, and that, therefore, he planned to argue that the contact with her was, in fact, not sexual, as would be required for a conviction for third-degree sexual abuse. *Id.*

The court concluded that the defendant was substantially prejudiced in that case because of the "substantial risk that the jury would use the counts involving [the unequivocally sexual contact with the first victim] to supply proof of sexual purpose as to [the other victim], thereby interfering with defendant's efforts to defend against [the charges supported by weaker evidence]." *Id.* at 322.

In the case before us, defendant makes arguments similar to those that were successful for the defendant in *Hernandez-Estaban*; however, the two cases are distinguishable in significant ways. That case involved charges that were disparate in severity, frequency, and quality of evidence. The more frequent and severe allegations—overtly sexual contact occurring almost nightly over a four-year period—were supported by much stronger evidence. Crucial to the outcome of that case, each charge—first-degree and third-degree sexual abuse—involved an overlapping element of proof, requiring that the contact be sexual in nature. The court was concerned about the jury concluding that the more frequent contact was sexual in nature and relying on that conclusion in its consideration of the intent element for the less-certain charges.

Here, the charges arise out of three distinct and singular events occurring close in time, rather than one charge arising out of prolonged, repeated events and the other out of one or two distinct instances. Though one event in this case involves charges that may result in more severe punishment, the distinct charges do not involve the same elements in a way that would likely cause a jury to apply an element from one charge to its decision on another charge. ORS 163.405 (a person commits the crime of sodomy in the first degree by engaging in, or causing another to engage in, oral or anal sexual intercourse by force or when the victim is under twelve years of age; is a brother, sister, son, or daughter under sixteen years of age; or is incapable of consent due to other specified incapacities); ORS 163.415 (a person commits the crime of sexual abuse in the third degree if the person subjects another to sexual contact without consent or when the victim is incapable of consent due to being under eighteen years of age). Though "engaging in,

or causing another to engage in, oral or anal sexual inter-course" is, of course, "sexual contact," the allegations in this case are disparate enough in kind to avoid jury confusion as to the separate charges. Therefore, the risk of a jury inap-propriately attributing its conclusion on one charge to its consideration of the other is significantly less than it was in *Hernandez-Estaban*.

Similarly, though the evidence in this case may be slightly stronger for the lesser offense due to the victim being older and the younger victim's developmental disabil-ity, because there is little risk of the jury attributing the proof of one charge to the consideration of the other—each involving different elements necessary for conviction—that disparity does not rise to the level of prejudice beyond that which is inherent to the lawful joinder of separate offenses.

As stated above, although motions to challenge join-der are distinct from motions to sever, the state's proffered reasons for joinder are relevant to the substantial prejudice analysis. *Hernandez-Estaban*, 374 Or at 318. The state chose to join the charges based on all three justifications provided by ORS 132.560(1)(b) and defendant did not move to chal-lenge joinder. At the hearing on defendant's motion to sever, the parties and the trial court focused more closely on ORS 132.560(1)(b)(A), joinder for offenses of "the same or similar character," with the state characterizing it as the most rele-vant basis in this case. Joinder on that sole basis creates the highest risk of prejudice to defendants. *Id.* at 319-20.

In this case, the trial court determined that, none-theless, prejudice did not rise to the substantialness thresh-old. To address defendant's concerns about the potential for prejudice resulting from joinder, the court explained that it could fashion limitations on the scope of cross-examination so that defendant could testify in the case pertaining to N without having to testify in the case pertaining to A and that the court could ensure through jury instructions that the jury consider the charges separately. *See State v. Gensler*, 266 Or App 1, 9, 337 P3d 890 (2014), *rev den*, 356 Or 690 (2015) (affirming denial of a motion to sever in part because prejudice could be mitigated by such limitations and jury instructions). We agree that those measures are sufficient to

mitigate any prejudice in this case such that it does not rise to the substantial prejudice threshold.

Given the record before it at the time of the motion to sever, we conclude that the trial court did not err in denying defendant's motion to sever after finding that the motion did not establish substantial prejudice to defendant.

B. *Second and Third Assignments of Error: Mid-trial Amendment*

Defendant next argues that the trial court erred by allowing the state to amend the indictment to allege that the charged conduct occurred between March and July 2020, rather than in May 2020, and by instructing itself that it could convict based on conduct that occurred during the amended timeframe. He contends that the amendment should not have been allowed because the amendment was one of substance, not form, in violation of Article VII (Amended), section 5(6), and therefore prejudiced his defense. If his first argument is unpreserved, defendant requests plain error review. The state claims that defendant preserved his argument that the amendment prejudiced him but did not preserve his argument that the amendment was one of substance and, in fact, invited any such error.

We review for legal error whether a trial court erred in granting the prosecutor's motion to amend an indictment. *State v. Williams*, 237 Or App 377, 379, 240 P3d 731 (2010), *rev den*, 350 Or 131 (2011).

Article VII (Amended), section 5(6), permits amendment of an indictment to correct defects "in form" but not defects in substance. *State v. Moyer*, 76 Or 396, 399, 149 P 84 (1915); *State v. Pachmayr*, 344 Or 482, 486, 185 P3d 1103 (2008). "A matter that is essential to show that an offense has been committed is a matter of substance." *State v. Wimber*, 315 Or 103, 114, 843 P2d 424 (1992). In determining whether a defect is one of substance, courts consider whether the indictment satisfies its constitutional purposes, including ensuring that the defendant is tried on facts found by the grand jury and providing adequate notice of the charges. *Pachmayr*, 344 Or at 486-95; *State v. Wimber*, 315 Or at 114-15. To make that determination, we ask whether

the amendment alters the essential nature of the indictment; alters the availability to defendant of defenses or evidence; or adds a theory, element, or crime to the indictment. *Wimber*, 315 Or at 114-15. Additionally, we ask if the amendment "prejudiced defendant's right to notice of the charges against him and to protection against double jeopardy." *Id.* at 115.

We begin with the state's assertion that defendant failed to preserve his argument or invited any error the trial court may have made in concluding that the amendment was substantive, rather than simply a matter of form. That argument confuses the question of whether an amendment is substantive, and therefore prejudicial, with the question whether time is a material element of a charged crime. Defendant agreed at trial that "temporal/time based elements are not material elements" of the crimes for which he was charged. When the trial court asked whether the parties agreed that "the actual dates are not a material element as long as it is within the statute of limitations" and that "really the issue before the Court is whether or not * * * there's prejudice that would deny your client [fair trial] rights," defendant responded that he agreed. *See State v. Long*, 320 Or 361, 368-69, 885 P2d 696 (1994) (concluding that time was not a material element of sodomy); *State v. Baldeagle*, 154 Or App 234, 239-40, 961 P2d 264, *rev den*, 327 Or 621 (1998) (concluding that time was not a material element of sexual abuse). Therefore, because time is not a material element to either of the charged crimes, the amendment did not "alter the essential nature of the indictment" or "add a theory, element, or crime to the indictment." *Wimber*, 315 Or at 114-15.

Defendant argues that, despite time not being a material element of the charges, the amendment was substantive and therefore prejudicial because it corrected a variance between the state's proof and the original indictment, requiring defendant to alter his defense strategy, including the plausibility of a theory of lack of opportunity, the scope of his pre-trial investigation, and the scope of his cross-examination of the state's witnesses.

When the date of a crime is not a material element of the offense, variance between the date alleged and the

date proven is permissible unless the date proven is outside of the statute of limitations or if the variance prejudices the defendant. *Baldeagle*, 154 Or App at 239-40. Whether a variance or amendment is prejudicial in such cases depends on the circumstances of the case. *State v. Boitz*, 236 Or App 350, 356, 236 P3d 766 (2010); *Baldeagle*, 154 Or App at 239-40. Prejudice exists where the variance or amendment would require the defendant to develop a different argument or deprive the defendant of adequate notice of the charges against which they must defend themselves. *Boitz*, 236 Or App at 356. In *Baldeagle*, we said that the defendant could not have been prejudiced by an expansion of the alleged timeframe during which sexual misconduct occurred when there was no possibility that the charges he was convicted on were different from those in the indictment, as indicated by the fact that both parties clearly described the same specific events in their arguments. 154 Or App at 240.

The case before us is not different. Like in *Baldeagle*, the trial court in this case found that defendant was not surprised by the evidence and that the state's case had consistently encompassed the period during which the victims resided with defendant. The record supports that finding.

The record reflects that defendant had detailed notice of the factual basis for the charges and there was no possibility that he would be convicted for offenses other than those for which the grand jury indicted him. The indictment itself identified the specific nature of each charged act. Moreover, discovery materials included recorded interviews in which the victims described the incidents with specificity consistent with their trial testimony. Thus, defendant was aware of the particular conduct at issue and the circumstances in which it allegedly occurred. Defendant was therefore given notice of the allegations specific enough to allow him to develop an adequate defense. Defendant argues that his preparation for trial and cross-examination of the state's witnesses were performed with a focus on the initial timeframe. However, defendant has not identified any specific way in which his defense against the alleged events would have differed had the broader time frame been initially alleged.

On this record, defendant has not demonstrated prejudice resulting from the amended indictment. *See State v. Garcia*, 284 Or App 357, 363, 392 P3d 815, *rev den*, 361 Or 645 (2017) (holding that an amendment is not prejudicial where it does not affect notice, the ability to defend, or the risk of double jeopardy). Therefore, we conclude that the trial court did not err in allowing the state to amend the indictment and instructing itself that it could convict defendant based on conduct occurring in the amended timeframe.

C.   *Pro Se Supplemental Assignment of Error*

Defendant contends that the trial court erred in excluding testimony from his stepfather regarding whether he would believe the victims' mother if she were under oath. We review a trial court's exclusion of character evidence under OEC 608(1) for abuse of discretion. *See State v. Paniagua*, 268 Or App 284, 289, 341 P3d 906 (2014).

We cannot determine whether the trial court erred by ruling to exclude evidence "unless the substance of the evidence was made known to the court or was apparent from the context" upon which it was being offered. *State v. Smith*, 319 Or 37, 43-44, 872 P2d 966 (1994) ("The primary purpose of the offer of proof is to enable an appellate court to determine whether the exclusion was erroneous and, if so, harmful."); OEC 103(1)(b). Here, the record does not establish what the stepfather's testimony would have been. His partial answer suggested that his opinion would "depend[] on the situation." On that record, we cannot conclude that the trial court erred, as defendant argues.

### III.   CONCLUSION

The trial court did not err in denying defendant's motion to sever because defendant was not substantially prejudiced by the joinder of the charges. The trial court did not err in allowing the state to amend the timeframe of the indictment because defendant was not prejudiced, as the trial remained focused on the discrete events alleged in the initial indictment. Defendant's *pro se* assignment of error presents no basis for reversal because of the lack of an offer of proof.

Affirmed.